FILED

10 JAN 15 PM 2: 57

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

1 Gary J. Gorham, Esq. (SBN 171061)
   ggorham@lglaw.la
2 Eric Ashton Puritsky, Esq. (SBN 239577)
   epuritsky@lglaw.la
3 **LEADER GORHAM LLP**
   1990 South Bundy Drive, Suite 390
4 Los Angeles, California  90025
   Telephone:  (310) 696-3300
5 Facsimile:  (310) 696-3305

6
   Attorneys for Plaintiff SPECTRUM
7 LABORATORIES, LLC

8            **IN THE UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11 SPECTRUM LABORATORIES, LLC, an        Case No. **CV10- 00329 PSG (JCx)**
12 Ohio limited liability company,
                                        **COMPLAINT FOR:**
13            Plaintiff,
                                        **(1) TRADEMARK**
14                                      **INFRINGEMENT;**
      v.
15                                      **(2) UNFAIR COMPETITION IN**
16 US GLOBAL IMPORT, INC., a            **VIOLATION OF SECTION 43(a)**
   California corporation; LIBIGROW, INC. **OF THE LANHAM ACT, 15 U.S.C.**
17 d/b/a Xhale Distributors c/o Almuntasser **§ 1125(a);**
18 Hbaiu, a California corporation;
   GENERAL SUPPLY WHOLESALER,           **(3) COMMON LAW UNFAIR**
19 INC., a California corporation; and Does **COMPETITION**
20 1-10,
                                        **(4) TRADEMARK DILUTION IN**
21            Defendants.                **VIOLATION OF CALIFORNIA**
                                        **LAW**
22
23                                      **JURY TRIAL DEMANDED**
24
25
26
27
28

                            **COMPLAINT**

1    This is an action by Plaintiff Spectrum Laboratories, LLC ("Spectrum") to

2    recover damages and for injunctive relief relating to and arising from the blatant

3    infringement of Spectrum's trademark by Defendants US Global Imports, Inc.,

4    Libigrow, Inc. d/b/a Xhale Distributors, General Supply Wholesaler, Inc., Does 1-10

5    (collectively, "Defendants") and Defendants' additional violations of the Lanham Act,

6    acts of unfair competition and dilution of Spectrum's trademark rights.

7                        **JURISDICTION AND VENUE**

8         1.    This action arises in part under Sections 32 and 43(a) of the Lanham Act

9    (15 U.S.C. §§ 1114 and 1125(a)) and asserts claims of federal trademark infringement

10   and unfair competition. This Court has jurisdiction over the related state causes of

11   action under 28 U.S.C. §§ 1338(b) and 1367(a).

12        2.    This Court has personal jurisdiction over Defendants under Fed. R. Civ.

13   P. 4(k)(1)(A), as Defendants are located in, do business in, and/or on information and

14   belief, committed at least some of the allegedly infringing acts complained of, in this

15   judicial district, thereby invoking the benefits and protections of its laws.

16        3.    Venue properly lies in the Central District of California under 28 U.S.C.

17   §§ 1391(b) and (c) and 1400(a) and (b).

18                            **PARTIES**

19        4.    Spectrum is a limited liability company organized and existing under and

20   by virtue of the laws of Ohio with its principal place of business located at 2692

21   Madison Road, Cincinnati, Ohio 45208-1321. Spectrum is in the business of

22   manufacturing detoxification products.

23        5.    Upon information and belief, Defendant US Global is a corporation duly

24   organized and existing under and by virtue of the laws of California, with a principal

25   place of business located at 404 East 4th Street, Los Angeles, California, 90013.

26   Upon further information and belief, US Global also conducts business as Global

27   Cash & Carry.  Wally Nihmeh is the registered agent for US Global. Upon further

28

information and belief, US Global deals in counterfeit versions of one or more of Spectrum's products.

6.   Upon information and belief, Defendant Libigrow, Inc. ("Libigrow") is a corporation duly organized and existing under and by virtue of the laws of California, with its principal place of business located at 464 E. 4th Street, Los Angeles, California 90013.  Upon information and belief, Libigrow does business as Xhale Distributors.  Upon further information and belief, Libigrow deals in counterfeit versions of one or more of Spectrum's products.

7.   Upon information and belief, Defendant General Supply Wholesaler, Inc. ("General Supply") is a corporation duly organized and existing under and by virtue of the laws of Arizona, with its principal place of business located at 2928 N. 35th Ave., #8, Phoenix, AZ 85017.  Upon further information and belief, General Supply deals in counterfeit versions of one or more of Spectrum's products.

8.   Defendant Does 1-10 are unknown entities and/or individual that deal in counterfeit versions or one or more of Spectrum's products.

## FACTUAL ALLEGATIONS

9.   Spectrum is the owner of U.S. Trademark Registration No. 3,334,957 (the "'957 Registration") for the Urine Luck a/k/a URN Luck trademark (the "URN LUCK Mark"). A true and accurate copy of the 957 Registration is attached hereto as Exhibit 1.

10.   Spectrum is the supplier of the URN Luck Quick Fix product, which is a synthetic product used to help individuals protect their privacy by enabling them to pass certain nicotine screening tests.

11.   Spectrum rigorously tests its URN Luck Quick Fix product to ensure high quality capabilities with respect to state of the art testing techniques.

12.   For years, Spectrum has devoted substantial amounts of money and effort in developing, promoting, marketing, advertising and producing URN Luck Quick

1  Fix. As a result, URN Luck Quick Fix has developed a reputation as a market-leading
2  safe and effective product.

3       13.     Spectrum's URN Luck Quick Fix product contains synthetic urine, which
4  is comprised of the ingredients normally found in human urine, balanced for pH,
5  specific gravity, creatinine and several other urine characteristics. The Spectrum URN
6  Luck Quick Fix product also contains a heater pad that can heat the synthetic urine to
7  94°-100°F. The heater pad can be attached to the included plastic bottle holding the
8  product to warm the product to the appropriate temperature. The URN Luck Quick Fix
9  product also contains a pamphlet with directions for the use of the URN Luck Quick
10  Fix product. The URN LUCK Mark is prominently affixed to and clearly visible on
11  the packaging of the URN Luck Quick Fix product.

12       14.     The URN LUCK Mark, the individual components of the URN Luck
13  Quick Fix product and the combined trade dress of the URN Luck Quick Fix product
14  (collectively, the "URN Luck Quick Fix trade dress") are associated in the minds of
15  the public with Spectrum as the source of such products.

16       15.     Spectrum has learned that Defendants manufacture, use, offer for sale or
17  import a counterfeit version of Spectrum's URN Luck Quick Fix product that
18  identically copies Spectrum's packaging, including the URN LUCK Mark and the
19  URN Luck Quick Fix trade dress (the "Counterfeit Product"). Defendants are passing
20  off their Counterfeit Product as it if was legitimate product from Spectrum.

21       16.     The Counterfeit Product contains packaging and materials that appear in
22  all material respects to be identical to the URN Luck Quick Fix product. The
23  Counterfeit Product duplicates the URN LUCK Mark and the URN Luck Quick Fix
24  trade dress and contains synthetic urine, a heater pad, plastic bottle and an instructions
25  pamphlet with verbatim language to that contained in the URN Luck Quick Fix
26  product.

27
28

17.     Attached hereto as Exhibit 2 and incorporated herein by reference is a side-by-side comparison of the Counterfeit Product to Spectrum's legitimate URN Luck Quick Fix product. Exhibit 2 demonstrates that the packaging, synthetic urine formula, written directions, box illustrations and labels (front and back views), bottle caps, temperature strips, and the overall appearance of the Counterfeit Product appear to be are identical in all material respects to the legitimate Spectrum URN Luck Quick Fix product.

18.     The Counterfeit Product also bears a counterfeit URN LUCK Mark and appropriates the URN LUCK trade dress.

19.     The Counterfeit Product is neither safe nor effective for its intended purpose, and does not meet the rigorous quality and efficiency standards that Spectrum requires for its legitimate URN Luck Quick Fix product.

20.     Spectrum has not granted permission or otherwise consented to Defendants' use of the URN LUCK Mark, the URN Luck Quick Fix trade dress, or any part or variation thereof.

21.     Upon information and belief, Defendants have configured and marked the Counterfeit Product with the URN LUCK Mark and the URN Luck Quick Fix trade dress to be indistinguishable in appearance to Spectrum's legitimate products in order to deceive the public into believing that Spectrum is the source for the Counterfeit Product.

22.     Actual and potential customers for Spectrum's legitimate URN Luck Quick Fix product have been, and are likely to continue to be, confused by Defendants' unauthorized dealings in the Counterfeit Product.

23.     Defendants' bad-faith counterfeiting of Spectrum's URN Luck Mark, URN Luck Quick Fix trade dress and product lures Spectrum's legitimate customers into believing that they are purchasing a genuine URN Luck Quick Fix product that originated from Spectrum. Such counterfeiting also undermines Spectrum's hard-

earned and well-deserved reputation as a market-leading supplier of safe and effective products.

24.     Defendants' dealing in the Counterfeit Product and its unauthorized use of the URN Luck Mark and URN Luck Quick Fix trade dress to sell products in direct competition with Spectrum constitutes violations of the Lanham Act, federal and state unfair competition and trademark dilution under state law.

## COUNT ONE

### (Federal Trademark Infringement in

### Violation of Section 32 of the Lanham Act [15 U.S.C. § 1114(a)])

25.     Spectrum incorporates paragraphs 1-24 as though the same were set forth in full herein.

26.     Spectrum has obtained, and is the owner of, a federal registration on the URN LUCK Mark, as evidenced by the '957 Registration. This trademark registration remains in full force and effect.

27.     Spectrum has continuously advertised, marketed, and distributed products bearing the distinctive URN Luck Mark in interstate commerce.

28.     None of the Defendants have any claim or colorable right to utilize the URN LUCK Mark in connection with any sale, offering for sale, distribution, or advertising of any goods or services.

29.     Defendants' unauthorized use of the URN LUCK Mark falsely indicates to consumers that Defendants' Counterfeit Product originates from, is approved by, or is affiliated with Spectrum.

30.     Defendants' unauthorized use of the URN LUCK Mark in the manner described above is likely to cause confusion, to cause mistake, or to deceive the public into believing Defendants' goods and services originate from, are approved by, or are associated or affiliated with Spectrum.

31.     Defendants' unauthorized use of the URN LUCK Mark removes Spectrum's ability to control the nature and quality of the goods and services provided under its URN Luck Mark, and places Spectrum's valuable reputation and goodwill in the hands of the Defendants.

32.     Defendants' unauthorized actions constitute infringement of Spectrum's federally registered trademark for the URN LUCK Mark in violation of Section 32 of the Lanham Act, §1114 *et seq.*, to the substantial and irreparable injury of the public and of Spectrum's business reputation and goodwill.

33.     Defendants' continuing infringement has inflicted and, unless restrained by this Court, will continue to inflict great and irreparable harm upon Spectrum. Spectrum has no adequate remedy at law. Spectrum is entitled to preliminary and permanent injunctions enjoining Defendants from engaging in further acts of infringement.

34.     As a direct and proximate result of the foregoing acts of Defendants, Spectrum has suffered monetary damages in an amount not yet determined. Spectrum is also entitled to its attorneys' fees and costs for commencing the instant lawsuit.

35.     Upon information and belief, Defendants' acts were in conscious and willful disregard for Spectrum's rights to the URN LUCK Mark, and the resulting damage to Spectrum is such as to warrant the trebling of damages in order to provide just compensation.

## COUNT TWO

### (Federal Trademark Counterfeiting in Violation
### of Section 32 of Lanham Act [15 U.S.C. §1114(a)])

36.     Spectrum incorporates paragraphs 1-35 as though the same were set forth in full herein.

37.     Spectrum has obtained, and is the owner of, a federal registration on the UR LUCK Mark, as evidenced by the '957 Registration. This trademark registration remains in full force and effect.

38.     Defendants are currently using a counterfeit of the URN LUCK Mark in connection with the sale, offering for sale, distribution and advertising of the Counterfeit Product so that the public associates the product with a certain quality, performance and reliability.

39.     The Counterfeit Product bears a URN LUCK Mark that is identical in all material respects to Spectrum's URN Luck Mark.

40.     Defendants' manufacturing, advertising, distribution, marketing, importation, promotion, offer for sale, and/or sale of the Counterfeit Product bearing a counterfeit URN LUCK Mark is likely to cause confusion and has caused actual confusion that the Counterfeit Product is made by, sponsored by, or affiliated with Spectrum.

41.     Spectrum did not license or otherwise consent to Defendants' use of the shape, style, and overall appearance of Spectrum's URN LUCK Mark.

42.     Defendants' acts constitute trademark infringement of Spectrum's federally registered URN LUCK Mark in violation of Section 32 of the Lanham Act, §1114 *et seq.*, to the substantial and irreparable injury of the public and of Spectrum's business reputation and goodwill.

43.     As a result of their acts, Defendants have been, and will continue to be, unjustly enriched by profits that Defendants have made in connection with the manufacturing, advertising, distribution, marketing, importation, promotion, offer for sale, and/or sale of the Counterfeit Product bearing a counterfeit version of Spectrum's URN LUCK Mark.

44.     Defendants' continuing infringement has inflicted and, unless restrained by this Court, will continue to inflict great and irreparable harm upon Spectrum.

1  Spectrum has no adequate remedy at law. Spectrum is entitled to preliminary and

2  permanent injunctions enjoining Defendants from engaging in further acts of

3  infringement.

4    45.    As a direct and proximate result of the foregoing acts of Defendants,

5  Spectrum has suffered, and is entitled to, monetary damages in an amount not yet

6  determined. Spectrum is also entitled to its attorneys' fees and costs for commencing

7  the instant lawsuit.

8    46.    Upon information and belief, Defendants' acts were in conscious and

9  willful disregard for Spectrum's rights to the URN LUCK Mark, and the resulting

10  damage to Spectrum is such as to warrant the trebling of damages in order to provide

11  just compensation.

## COUNT THREE

### (Federal Trade Dress Infringement in Violation of

### Section 43(a) of the Lanham Act [15 U.S.C. § 1125(a)])

15    47.    Spectrum incorporates paragraphs 1-46 as though the same were set forth

16  in full herein.

17    48.    The packaging and trade dress of the URN Luck Quick Fix used by

18  Spectrum is inherently distinctive and/or has acquired secondary meaning in the

19  marketplace through which it has become associated with Spectrum in the minds of

20  the URN Luck Quick Fix purchaser and consumers.

21    49.    Defendants have utilized substantially similar trade dress to that of the

22  URN Luck Quick Fix trade dress. The packaging, synthetic urine formula, written

23  directions, box illustrations and labels (front and back views), bottle caps, temperature

24  strips, and the overall appearance of the Counterfeit Product  are virtually identical in

25  all material respects to the legitimate Spectrum URN Luck Quick Fix trade dress.

26    50.    Defendants' employment of the substantially similar trade dress on the

27  Counterfeit Product is used in interstate commerce.

28

51.    Defendants' infringing use of substantially similar trade dress has caused and continues to cause confusion, mistake, and deceit among purchasers and consumers as to the origin, sponsorship, and approval of Spectrum URN Luck Quick Fix. Among other things, Defendants' conduct in the marketing and sale of the Counterfeit Product is likely to mislead purchasers and consumers into believing that the Counterfeit Product is somehow affiliated with Spectrum, or otherwise approved, sponsored, or authorized by Spectrum, and will act to tarnish the business goodwill and reputation of Spectrum.

52.    Spectrum is irreparably harmed by Defendants' conduct and Spectrum is entitled to preliminary and permanent injunctive relief enjoining Defendants and their officers, agents, and employees from further acts of infringing behavior.

53.    Defendants have acted willfully with malice, and/or a knowing and reckless indifference toward, and a disrespect of, the rights of others, and Defendants are liable to Spectrum for punitive and exemplary damages.

## COUNT FOUR

### (Unfair Competition in Violation of

### Section 43(a) of the Lanham Act [15 U.S.C. § 1125(a)])

54.    Spectrum incorporates paragraphs 1-53 as though the same were set forth in full herein.

55.    Spectrum has expended considerable time, effort and sums of money manufacturing, advertising, distributing, marketing, and promoting the URN Luck Quick Fix product, including the URN LUCK Mark and the URN Luck Quick Fix trade dress, to exemplify the distinctiveness of its products. As a result of Spectrum's activities and efforts in this regard, the public at large who purchase Spectrum's products on a regular basis have come to identify the quality, dependability and trade dress associated with Spectrum's products and business. As such, Spectrum's advertisements and products using the URN LUCK Mark and the URN Luck Quick

1  Fix trade dress have created a distinct visual and identifying impression in the minds

2  of its consumers to such a degree that this unique advertising material has acquired

3  secondary meaning associating it with Spectrum's business.

4       56.    Defendants have developed, produced, adapted and distributed to the

5  public in this District and in other locations in the United States, a counterfeit version

6  of URN Luck Quick Fix product – the Counterfeit Product – that appropriates

7  Spectrum's distinctive marks, configuration, design and trade dress without the

8  permission of Spectrum.

9       57.    The Counterfeit Product is not representative of Spectrum's quality

10 product and could be viewed by the public as unprofessional, substandard, unsafe or

11 ineffective product created and sold by Spectrum.

12      58.    Defendants have deceived the public as to their affiliation, connection or

13 association with Spectrum and further deceived the public as to the source or

14 affiliation of their Counterfeit Product.

15      59.    Defendants have passed-off Spectrum's URN Luck Quick Fix product as

16 their own, thereby misleading the public.

17      60.    Defendants' conduct has confused and is likely to confuse the public and

18 violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

19      61.    Defendants' willfully created a likelihood of confusion in violation of

20 Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

21      62.    As a direct and proximate result of Defendants' wrongful acts alleged

22 above, Spectrum has been damaged, and Defendants have been unjustly enriched, in

23 amounts to be determined at trial.

24      63.    As a direct and proximate result of Defendants' unlawful acts, Spectrum

25 has suffered, and continues to suffer, irreparable harm and injury. In many cases the

26 Counterfeit Product falls far below Spectrum's standards and is reflecting negatively

27 on Spectrum. Accordingly, Spectrum has no adequate remedy at law.

28

64.     Upon information and belief, Defendants' acts were in conscious and willful disregard for Spectrum's rights and the resulting damage to Spectrum is such as to warrant the trebling of damages in order to provide just compensation.

### COUNT FIVE

### (Common Law Unfair Competition)

65.     Spectrum incorporates paragraphs 1-64 as though the same were set forth in full herein.

66.     Defendants' conduct alleged herein was intended to use Spectrum's URN LUCK Mark and URN Luck Quick Fix trade dress and product in a manner likely to confuse and mislead members of the relevant public as to the origin, sponsorship, or approval of Defendants' Counterfeit Products and services, and to create a false association or affiliation of said products with Spectrum.

67.     Defendants' acts as alleged herein were malicious, willful, wanton, oppressive and outrageous.

68.     Defendants' acts as alleged herein have damaged and will continue to damage irreparably Spectrum's goodwill and reputation unless restrained by this Court, and Spectrum has no adequate remedy at law.

69.     Upon information and belief, Defendants' acts were in conscious and willful disregard for Spectrum's rights and the resulting damage to Spectrum is such as to warrant the enhancement of damages in order to provide just compensation.

### COUNT SIX

### (Cal. Bus. & Prof. Code §17200)

70.     Spectrum incorporates paragraphs 1-69 as though the same were set forth in full herein.

71.     Defendants' actions constitute fraudulent, unfair and unlawful business practices within the meaning of Business and Professions Code section 17200 *et seq.*

72.     Defendants' acts as alleged herein have damaged and will continue to damage irreparably Spectrum's goodwill and reputation unless restrained by this Court, and Spectrum has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Spectrum respectfully demands the following judgment:

1.     That Defendants, their officers, directors, agents, servants, employees, attorneys, and all persons and/or entities acting for, with, by, through, or in concert with them or any of them be enjoined preliminarily and permanently from:

(a)     manufacturing, advertising, distributing, marketing, importing, promoting, offering for sale, and/or selling the Counterfeit Product;

(b)     using the Spectrum URN LUCK Mark, the URN Luck Quick Fix trade dress and/or any other designation that is a colorable imitation of and/or is confusingly similar to the Spectrum URN LUCK Mark or the URN Luck Quick Fix trade dress in connection with the manufacturing, advertising, distribution, marketing, importation, promotion, offering for sale, and/or sale of products neither originating from nor authorized by Spectrum;

(c)     representing in any manner, or by any method whatsoever, that goods, services, or other products provided by Defendants are sponsored, approved, authorized by, or originate from Spectrum, or otherwise taking any action likely to cause confusion, mistake, or deception as to the origin, approval, or sponsorship, of such goods or services;

(d)     infringing and/or diluting the distinctive quality of the Spectrum URN LUCK Mark and the URN Luck Quick Fix trade dress; and

(e)     competing unfairly with Spectrum in any manner.

2.     That Defendants be required to deliver up to the Court or otherwise turn over all of the Counterfeit Products in their possession, custody, and/or control that infringe on the Spectrum URN LUCK Mark or the URN Luck Quick Fix trade dress.

3.     That Defendants be required to deliver to the Court or otherwise turn over all products, containers, packages, labels, literature, catalogs, signs, advertising material, and the like bearing the Spectrum URN LUCK Mark, the URN Luck Quick Fix trade dress and/or a shape, style, and overall appearance that is confusingly similar to the Spectrum URN LUCK Mark or URN Luck Quick Fix trade dress, together with all plates, molds, and other means of making the same.

4.     That the Court award to Spectrum all of its damages allowable by law, including its lost profits and/or disgorgement or restitution of Defendants' profits to Spectrum.

5.     That Spectrum be awarded its reasonable costs and attorneys' fees.

6.     That this case be declared exceptional and Spectrum be awarded enhanced and/or punitive damages to the maximum amount allowable by law.

7.     That Spectrum have such other and further relief as the Court may deem equitable.


DATED: January 15, 2010           LEADER GORHAM LLP




By: _____
     Gary J. Gorham
     Attorneys for Plaintiff,
     Spectrum Laboratories, LLC

1

## JURY DEMAND

2      Plaintiff, Spectrum Laboratories, LLC, hereby requests a trial by jury on all

3  issues so triable.

4

5  DATED: January 15, 2010                    LEADER GORHAM LLP

6

7

8                                    By: _____

9                                        Gary J. Gorham
                                         Attorneys for Plaintiff,
10                                       Spectrum Laboratories, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1**

# URINE LUCK

| | |
|---|---|
| **Word Mark** | URINE LUCK |
| **Goods and Services** | IC 005. US 006 018 044 046 051 052. G & S: Chemical compositions and agents for detoxifying medical and clinical urine samples. FIRST USE: 19930701. FIRST USE IN COMMERCE: 19930701 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 78904574 |
| **Filing Date** | June 9, 2006 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | August 28, 2007 |
| **Registration Number** | 3334957 |
| **Registration Date** | November 13, 2007 |
| **Owner** | (REGISTRANT) Spectrum Laboratories, Inc. CORPORATION OHIO PO Box 8401 Cincinnati OHIO 45208 |
| **Attorney of Record** | David B. Cupar |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

EXHIBIT 1-15

**EXHIBIT 2**



EXHIBIT 2-16



EXHIBIT 2-17



**BATCH F11-07**

## QUICK FIX DIRECTIONS

www.youreinluck.com                    1-877-876-4938

Heat Quick Fix in advance and simply pour contents into sample cup.   **Quick Fix temperature must be 90°-100°F.** The Quick Fix container can be microwaved up to 10 seconds for initial heat.  If the temperature remains out of range after first heating, repeat procedure (read the green dot on temperature strip).  If the bottle is out of temperature range after two heatings, cool down (over heated) and retry.  Using the enclosed heater pad alone will require approximately an hour to heat to 90°-100°F (see enclosed heater pad for heating instructions)  Attach heater pad with tape or rubber band to the bottle, opposite the temperature strip.  The heater pad will last up to six hours.  Coloration may vary from batch to batch.  **Shake bottle before and after heating.  If unused, sample can be reheated for random usage.**

PATENT PENDING

**BATCH F5M-09**

## QUICK FIX DIRECTIONS

www.youreinluck.com                    1-877-876-4938

Heat Quick Fix in advance and simply pour contents into sample cup.   **Quick Fix temperature must be 90°-100°F.** The Quick Fix container can be microwaved up to 10 seconds for initial heat.  If the temperature remains out of range after first heating, repeat procedure (read the green dot on temperature strip).  If the bottle is out of temperature range after two heatings, cool down (over heated) and retry.  Using the enclosed heater pad alone will require approximately an hour to heat to 90°-100°F (see enclosed heater pad for heating instructions)  Attach heater pad with tape or rubber band to the bottle, opposite the temperature strip.  The heater pad will last up to six hours.  Coloration may vary from batch to batch.  **Shake bottle before and after heating.  If unused, sample can be reheated for random usage.**   This product has been issued a patent by, and is afforded the rights and protection of, the United States Patent Office.

EXHIBIT 2-18



EXHIBIT 2-19



EXHIBIT 2-20



EXHIBIT 2-21



EXHIBIT 2-22

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

## CV10- 329 PSG (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
| --- | --- | --- |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Gary J. Gorham (SBN 171061)
Leader Gorham LLP
1990 Bundy Drive, Suite 390
Los Angeles, CA 90025
T: (310) 696-3300 / F: (310) 696-3305

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| SPECTRUM LABORATORIES, LLC, an Ohio limited liability company, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | **CV10-00329 PSG (JCx)** |
| v. | |
| US GLOBAL IMPORT, INC., a California corporation; LIBIGROW, INC. d/b/a Xhale Distributors c/o Almuntasser Hbaiu, a California corporation; GENERAL SUPPLY WHOLESALER, INC., a California corporation; and Does 1-10   DEFENDANT(S). | **SUMMONS** |

TO:   DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney,  _Gary J. Gorham_____, whose address is _1990 Bundy Drive, Suite 390, Los Angeles, California 90025_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   **JAN 15 2010** _____

By: _____ **NATALIE LONGORIA** _____

Deputy Clerk

(Seal of the Court)

1198

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Spectrum Laboratories, LLC | US GLOBAL IMPORT, INC., a California corporation; LIBIGROW, INC. d/b/a Xhale Distributors c/o Almuntasser Hbaiu, a California corporation; GENERAL SUPPLY WHOLE |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Gary J. Gorham (SBN 171061)<br>Leader Gorham LLP<br>1990 South Bundy Drive, Suite 390, Los Angeles, CA 90025; (310) 696-3300 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 USC §§ 1114 and 1125; 28 USC §§ 1338(b) and 1367(a)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY / PERSONAL INJURY | TORTS | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | **PERSONAL INJURY** | **TORTS PERSONAL PROPERTY** | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/ Other | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | | ☒ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | **REAL PROPERTY** | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 210 Land Condemnation | | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 446 American with Disabilities - Other | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | ☐ 440 Other Civil Rights | | |

**FOR OFFICE USE ONLY:** Case Number: **CV10- 00329**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
  ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
  ☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Spectrum Laboratories, LLC - Ohio |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
  ☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| US Global - Los Angeles<br>Libigrow, Inc. - Los Angeles | General Supply Wholesaler - Arizona |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER):  _[signature]_          Date  January 15, 2010

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |