Gary J. Gorham (SBN: 171061)
ggorham@lglaw.la
Eric Ashton Puritsky (SBN 239577)
epuritsky@lglaw.la
**LEADER GORHAM LLP**
1990 South Bundy Drive, Suite 390
Los Angeles, CA 90025
Telephone: (310) 696-3300
Telecopy: (310) 696-3305

Attorneys for Plaintiff
SPECTRUM LABORATORIES, LLC

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPECTRUM LABORATORIES, LLC, an Ohio limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>US GLOBAL IMPORT, INC., a California corporation; LIBIGROW, INC. d/b/a Xhale Distributors, a California corporation; GENERAL SUPPLY WHOLESALER, INC., a California corporation; and Does 1-10,<br><br>Defendants. | Case No. CV10-00329 PSG (JCx)<br><br>[Hon. Judge Philip S. Gutierrez – Ctrm. 880]<br><br>**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**<br><br><u>Final PreTrial Conference</u><br><br>Date:  March 21, 2011<br>Time:  2:30 p.m.<br>Room:  880<br><br>Complaint Filed:  January 15, 2010<br>Discovery Cut-off:  December 28, 2010<br>Final Pretrial:  March 21, 2011<br>Trial Date:  April 5, 2011 |

# TABLE OF CONTENTS FOR PLAINTIFF SPECTRUM LABORATORIES, LLC'S PORTION

I.   THE PARTIES AND PLEADINGS AT ISSUE .......................................... 1

II.   JURISDICTION AND VENUE.................................................................. 1

III.  TRIAL ESTIMATE.................................................................................... 2

IV.  JURY TRIAL ............................................................................................. 2

V.   ADMITTED FACTS .................................................................................. 2

VI.  STIPULATED FACTS SUBJECT TO OBJECTION. .............................. 2

VII. CLAIMS AND DEFENSES TO BE PRESENTED AT TRIAL. .............. 2

VIII. ISSUES REMAINING FOR TRIAL. ........................................................ 6

IX.  STATUS OF DISCOVERY. ...................................................................... 7

X.   TRIAL EXHIBITS. .................................................................................... 8

XI.  WITNESS LISTS. ...................................................................................... 9

XII. LAW AND MOTION MATTERS AND MOTIONS *IN LIMINE*........... 9

XIII. BIFURCATION. ...................................................................................... 10

XIV. FINAL PRETRIAL CONFERENCE ORDER......................................... 11

## I. THE PARTIES AND PLEADINGS AT ISSUE

The parties are Plaintiff Spectrum Laboratories, LLC ("Spectrum"), and Defendants U.S. Global Import, Inc. ("U.S. Global")[1] and Libigrow, Inc. d/b/a Xhale Distributors ("Libigrow," and together with U.S. Global, "Defendants").

Each of these parties has been served and has appeared. All other parties named in the pleadings and not identified in the proceeding paragraph are now dismissed.

The pleading which raises the issues is Spectrum's January 15, 2010 Complaint (Dkt. No. 1) for (1) trademark infringement, (2) trademark counterfeiting, (3) trade dress infringement, (4) unfair competition under the Lanham Act, (5) unfair competition under California common law, and (6) unfair competition under California Business and Professions Code section 17200, et seq. Each of the aforementioned claims is brought by Spectrum against each of the Defendants.

## II. JURISDICTION AND VENUE

Federal jurisdiction and venue are invoked upon the following grounds:

1. This action arises in part under Sections 32 and 43(a) of the Lanham Act (15 U.S.C. §§ 1114 and 1125(a)) and asserts claims of federal trademark infringement and unfair competition. The Court has jurisdiction over the related state causes of action under 28 U.S.C. §§ 1338(b) and 1367(a).

2. The Court has personal jurisdiction over Defendants under Fed. R. Civ. P. 4(k)(1)(A), as Defendants are located in, do business in, and/or on information and belief, committed at least some of the allegedly infringing acts complained of,

---

[1] Spectrum has reached a settlement with U.S. Global. The parties are currently awaiting signatures on the Settlement Agreement. After the Settlement Agreement is executed, Spectrum will file a dismissal of its claims as against U.S. Global only.

1

in this judicial district, thereby invoking the benefits and protections of its laws.

3. Venue properly lies in the Central District of California under 28 U.S.C. §§ 1391(b) and (c) and 1400(a) and (b).

## III. TRIAL ESTIMATE

The trial is estimated to take five (5) trial days.

## IV. JURY TRIAL

The trial is to be a jury trial. The timeline for the parties to file and serve their proposed jury instructions and proposed voir dire questions for the jury is set forth in the Court's June 3, 2010 Order for Jury Trial.

## V. ADMITTED FACTS

There are no admitted facts.

## VI. STIPULATED FACTS SUBJECT TO OBJECTION.

There are no stipulated facts.

## VII. CLAIMS AND DEFENSES TO BE PRESENTED AT TRIAL.

**Spectrum's Claims:**

Spectrum plans to pursue the following claims against Defendants:

<u>Claim 1</u>: Defendants infringed Spectrum's federally-registered trademark to the phrase URINE LUCK under 15 U.S.C. § 1114.

<u>Claim 2</u>: Defendants counterfeited Spectrum's federally-registered trademark to the phrase URINE LUCK under 15 U.S.C. § 1114.

<u>Claim 3</u>: Defendants infringed Spectrum's trade dress for its Quick Fix synthetic urine product.

1     <u>Claim 4</u>:     Defendants unfairly competed against Spectrum under the Lanham Act.

    <u>Claim 5</u>:     Defendants unfairly competed against Spectrum under California common law.

    <u>Claim 6</u>:     Defendants unfairly competed against Spectrum under California <u>Business and Professions Code</u> § 17200.

The elements required to establish Spectrum's claims:

## CLAIM 1
### Elements Required to Establish
### <u>Spectrum's Claim for Trademark Infringement</u>

1. URINE LUCK is a valid, protectable trademark;
2. Spectrum owns the phrase URINE LUCK as a trademark; and
3. Defendants used the URINE LUCK trademark, or a mark similar to it without the consent of Spectrum in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods.

## CLAIM 2
### Elements Required to Establish
### <u>Spectrum's Claim for Trademark Counterfeiting</u>

1. URINE LUCK is a valid, protectable trademark;
2. Spectrum owns the phrase URINE LUCK as a trademark; and
3. Defendants intentionally used a counterfeit mark in connection with the sale, offering for sale, or distribution of synthetic urine.

## CLAIM 3

<u>Elements Required to Establish Spectrum's Claim for Trade Dress Infringement</u>

1. The Quick Fix trade dress is distinctive;
2. Spectrum owns the Quick Fix trade dress as trade dress;
3. The Quick Fix trade dress is non-functional; and
4. Defendants used the Quick Fix trade dress without the consent of Spectrum in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of Spectrum and/or Defendants' goods.

## CLAIMS 4 THROUGH 6

Elements Required to Establish Spectrum's Claim for Unfair Competition Under The Lanham Act, California Common Law, And <u>California Business & Professions Code § 17200</u>

1. Defendants used the phrases "Quick Fix," "URN LUCK," or the URINE LUCK trademark, or any other words, terms, names, or symbols, or device, or any combination thereof, in connection with goods or a container for goods;
2. Such use is likely to cause confusion, or to cause mistake, or to deceive as to the origin of Defendants' goods; and
3. Spectrum was or is likely to be damaged by the actions of Defendants.

A brief description of the key evidence in support of each of the claims:

<u>Claim 1</u>: Spectrum will establish conclusively that URINE LUCK is a valid, protectable trademark and that it owns the trademark by admitting into evidence, through a Spectrum witness, the certification of registration of that trademark, Reg. No. 3,334,957. Spectrum will establish that Defendants infringed the trademark by proving that Defendants counterfeited Spectrum's Quick Fix synthetic urine

product, which incorporates the URINE LUCK trademark. Spectrum will prove that Defendants are the source of the counterfeited goods (1) through the testimony of its expert witness, Brad Evans, who will testify that the counterfeit Quick Fix boxes and Libigrow's U Pass boxes were produced by the same printing process, and therefore originated from the same source; (2) through the testimony of Spectrum's private investigator, Nick Savala, who will testify about his investigative findings related to the counterfeited goods and that he purchased counterfeit Quick Fix from US Global (who had previously obtained synthetic urine from Libigrow); and (3) through the testimony of Libigrow's Almuntasser Hbaiu who will testify that he previously tried to sell synthetic urine to US Global and that he had 15,000 bottles of unusable synthetic urine in his inventory, which are the bottles that he sold inside the counterfeit Quick Fix boxes.

Spectrum will prove that Defendants' counterfeiting activities are likely to cause consumer confusion through testimony from Spectrum witnesses (Matt Stephens, Fran Kusala, or Linda Warren), who will testify about actual consumer confusion and other facts bearing on likelihood of confusion.

Spectrum will establish its claim for damages through the testimony of Almuntasser Hbaiu, who will testify about the prices charged for synthetic urine and the number of bottles of synthetic urine he purchased with the intent of reselling; and through the testimony of Spectrum witnesses, who will testify about the typical sales prices of its Quick Fix product.

<u>Claim 2</u>: Spectrum will establish that Defendants counterfeited its trademark in the same way it will establish Claim 1 for trademark infringement as explained above.

<u>Claim 3</u>: Spectrum will establish that the Quick Fix trade dress is distinctive through the testimony of Spectrum witnesses (Matt Stephens, Fran Kusala, or Linda Warren), who will testify about the trade dress, actual confusion, advertisements

incorporating the trade dress, the length and manner in which Spectrum used the claimed trade dress, Spectrum's exclusive use of the trade dress, and copying of the trade dress. Spectrum witnesses also will establish that Spectrum owns the Quick Fix trade dress and that the trade dress is not functional. Spectrum will establish that Defendants used the Quick Fix trade dress without Spectrum's consent, and that such use is likely to cause consumer confusion, in the same way that it will establish Claim 1 for trademark infringement as explained above.

<u>Claims 4 through 6</u>: Spectrum will establish that Defendants unfairly competed with Spectrum in the same way it will establish Claim 1 for trademark infringement as explained above.

## VIII. ISSUES REMAINING FOR TRIAL.

In view of the admitted facts and the elements required to establish the claims, counterclaims and affirmative defenses, the following issues remain to be tried:

1. Whether Defendants infringed Spectrum's trademark;
2. Whether Defendants willfully infringed Spectrum's trademark;
3. Whether Defendants counterfeited Spectrum's trademark;
4. Whether Defendants willfully counterfeited Spectrum's trademark;
5. Whether Defendants unfairly competed against Spectrum;
6. Whether Defendants willfully engaged in unfair competition against Spectrum;
7. Whether Defendants infringed Spectrum's trade dress;
8. Whether Defendants willfully infringed Spectrum's trade dress;
9. The amount of compensatory damages to be awarded to Spectrum as a result of Defendants' trademark infringement, trademark counterfeiting, unfair competition, or trade dress infringement;

10. The amount of punitive damages to be awarded to Spectrum as a result of Defendants' unfair competition under California common law or under California Business and Professions Code § 17200;

11. Whether to increase the amount of actual damages awarded by the jury, not exceeding three times such amount;

12. Whether to award reasonable attorney fees to Spectrum;

13. If the jury finds Defendants liable for counterfeiting Spectrum's trademark, whether "extenuating circumstances" exist and, if not, "to enter judgment for three times such profits or damages, which ever is greater, together with a reasonable attorney's fee";

14. The amount of statutory damages to award to Spectrum if the jury finds Defendants liable for counterfeiting Spectrum's trademark and Spectrum elects, "at any time before final judgment is rendered by the trial court," to recover statutory damages; and

15. Whether to enter a permanent injunction prohibiting any future acts of infringement, counterfeiting, or unfair competition by Defendants and others identified in Rule 65(d)(2) of the Federal Rules of Civil Procedure.

## IX. STATUS OF DISCOVERY.

Fact discovery closed on December 28, 2010. Expert discovery closed on February 22, 2011. Spectrum has brought a Motion for Contempt Finding, Default Judgment on Liability, and Monetary Sanctions against Libigrow ("Spectrum's Motion"). (Dkt. Nos. 112, 116, 118-122.) Spectrum's Motion is based on Libigrow's failure to pay sanctions ordered by Judge Chooljian on December 14, 2010. (Dkt. No. 80). The hearing on Spectrum's Motion is currently scheduled for March 22, 2011 at 9:30 a.m. in Department 20.

## X. **TRIAL EXHIBITS.**

All disclosures under F.R.Civ.P. 26(a)(3) have been made.

The Joint Exhibit List of the parties has been filed under separate cover as required by the Local Rules and the Court's June 3, 2010 Order for Jury Trial. (Dkt. No. 114.) Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial, except those exhibits listed below:

Spectrum objects to Exhibit Nos. 37-64, 66-78 and 80-84.

Libigrow objects to Exhibit Nos. 1, 3, 6-8, 11-25, 28-30 and 32-36.

The objections to the above-identified exhibits, and grounds therefore, are set forth in the Joint Exhibit List.

On March 5, 2011, Defendant Libigrow filed its pre-trial disclosures and sought to renumber numerous exhibits from the Joint Exhibit List Disclosures and address Spectrum's objections to Libigrow's Exhibits.

Libigrow failed to disclose any documents in its Initial Disclosures, in violation of Rule 37 of the Federal Rules of Civil Procedure. Rule 37(c)(1) provides, in pertinent part, "A party that without substantial justification fails to disclose information required by Rule 26(a) [Required Disclosures] or 26(e)(1) [Supplementation of Disclosures] shall not, unless such failure is harmless, be permitted to use as evidence at trial . . . any witness or information not so disclosed." Each and every exhibit identified by Libigrow on the Joint Exhibit List is therefore excluded.

Libigrow failed to disclose all of its trial exhibits pursuant to L.R. 16-2.3, which provides that at least forty days before the Final Pretrial Conference, "[t]he parties shall disclose all exhibits to be used at trial . . ." Libigrow did not timely disclose Exhibits 37 through 51, 53 through 58, 62, and 78 through 81. Those exhibits are therefore excluded.

Libigrow initially provided Spectrum with copies of Exhibits 71 through 75

and 77 on February 25, 2011. In emails of March 7, 2011, however, Libigrow sought to change those exhibits. The revised exhibits are excluded as improper and untimely.

Libigrow also improperly attempted to amend the Joint Exhibit List through its untimely-filed Pretrial Disclosures. In those Pretrial Disclosures Libigrow improperly breaks several exhibits into sub-parts that were not previously disclosed. Any deviation from the Joint Exhibit List, without Court Order (specifically, Exhibits 62, 71 through 75, and 77) is excluded as improper and untimely.

Libigrow has not produced Exhibits 46, 47, 49 and 61. Spectrum reserves its right to object to these exhibits. Those exhibits are excluded as untimely.

## XI. WITNESS LISTS.

Witness lists of the parties have been filed with the Court. The Joint Witness List of the parties has been filed under separate cover as required by the Local Rules and the Court's June 3, 2010 Order for Jury Trial. (Dkt. No. 113.)

Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment). Libigrow failed to disclose Cruz Rubio, Daniel Mejia and Derek Lee in its Initial Disclosures in violation of Rule 37 of the Federal Rules of Civil Procedure. Those witnesses are not permitted to testify at trial.

## XII. LAW AND MOTION MATTERS AND MOTIONS *IN LIMINE*.

The following law and motion matters and motions *in limine*, and no others, are pending or contemplated:

- Spectrum's Motion *in Limine* No. 1 of 4 to Preclude Libigrow From Offering Expert Testimony at Trial (Dkt. Nos. 89-91);

1 • Spectrum's Motion *in Limine* No. 2 of 4 to Preclude Libigrow, Its Witnesses, and Its Attorney from Arguing, Referencing, or Eliciting Testimony About Supposed Counterfeiting of "U Pass" Products (Dkt. Nos. 92-94);

• Spectrum's Motion *in Limine* No. 3 of 4 for an Order to Preclude Evidence Relating to Defendant Libigrow, Inc.'s Affirmative Defense Nos. 2, 3, 6, 11, 12, 18, 22 and 24 (Dkt. Nos. 95-97);

• Spectrum's Motion *in Limine* No. 4 of 4 for an Order to Exclude Evidence of, or Reference to, Supposed Immoral, Unethical or Illegal Uses of Spectrum's Legal Product (Dkt. Nos. 98-100);

• Spectrum's Motion for Contempt Finding, Default Judgment on Liability, and Monetary Sanctions against Libigrow (Dkt. Nos. 112, 116, 118-122); and

• Libigrow's Motion *in Limine* No. 1 of 1 for an Order Excluding Improperly Disclosed and Unproduced Evidence (Dkt. Nos. 101).

## XIII. BIFURCATION.

No bifurcation is ordered.

///
///
///
///
///
///
///
///
///

## XIV. **FINAL PRETRIAL CONFERENCE ORDER.**

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

Dated: _____, 2011      _____
                                   PHILIP S. GUTIERREZ
                                   UNITED STATES DISTRICT JUDGE

DATED:   March 14, 2011            **LEADER GORHAM LLP**

                                   _____/S/_____
                                   Gary J. Gorham
                                   Attorneys for Plaintiff Spectrum
                                   Laboratories, LLC