Gary J. Gorham (SBN: 171061)
ggorham@lglaw.la
Eric Ashton Puritsky (SBN 239577)
epuritsky@lglaw.la
**LEADER GORHAM LLP**
1990 South Bundy Drive, Suite 390
Los Angeles, CA 90025
Telephone: (310) 696-3300
Telecopy: (310) 696-3305

Attorneys for Plaintiff
SPECTRUM LABORATORIES, LLC

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPECTRUM LABORATORIES, LLC, an Ohio limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>US GLOBAL IMPORT, INC., a California corporation; LIBIGROW, INC. d/b/a Xhale Distributors, a California corporation; GENERAL SUPPLY WHOLESALER, INC., a California corporation; and Does 1-10,<br><br>Defendants. | Case No. CV10-00329 PSG (JCx)<br>[Hon. to Philip S. Gutierrez, Crtrm. 880]<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF SPECTRUM LABORATORIES, LLC'S *EX PARTE* APPLICATION TO MODIFY THE COURT'S SCHEDULING ORDER TO CONTINUE FINAL PRETRIAL CONFERENCE AND TRIAL**<br><br>Date: None Scheduled<br>Time: None Scheduled<br>Courtroom: 880<br><br>*[Filed concurrently with Spectrum's Notice of Motion and Motion to Modify Scheduling Order; [Proposed] Order; and Supporting Declaration of Gary J. Gorham]*<br><br>Complaint Filed: January 15, 2010<br>Discovery Cut-off: December 28, 2010<br>Final Pretrial: March 21, 2011<br>Trial Date: April 5, 2011 |

42451.3

**MEMORANDUM OF P'S & A'S IN SUPPORT OF SPECTRUM'S *EX PARTE* APPLICATION TO MODIFY THE COURT'S SCHEDULING ORDER**

CV10-00329 PSG (JCx)

## TABLE OF CONTENTS

I. LOCAL RULE 7-19 DISCLOSURE OF PARTIES ................................... 1

II. INTRODUCTION ............................................................................... 1

III. BRIEF STATEMENT OF FACTS ..................................................... 3

    A. Dates Are Set By The Court. .......................................................... 3

    B. Libigrow Refuses to Mediate Pursuant to the Court's Order .......... 4

    C. Libigrow Refuses to Disclose its Exhibits, Witnesses, Expert Reports or File a Final Pretrial Conference Order. ...................... 5

IV. LEGAL ARGUMENT ....................................................................... 8

    A. Extenuating Circumstances Necessitated this Ex Parte Application. . 8

    B. The Court May Modify its Scheduling Order. .............................. 8

    C. Good Cause Exists to Continue the Trial to Allow the Parties to Engage in Mediation. ................................................................. 9

    D. Good Cause Exists to Modify the Scheduling Order to Allow Spectrum the Benefit of Preparing for Trial. ................................ 10

    E. Good Cause Exists to Modify the Scheduling Order to Allow Spectrum to Examine Its Expert in Order. ................................... 10

V. CONCLUSION ................................................................................ 11

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Johnson v. Mammoth Recreations, Inc.,
   975 F.2d 604 (9th Cir. 1992) .................................................................................. 8

Mission Power Engineering Co. v. Continental Casualty Co.,
   883 F.Supp. 488 (C.D. Cal. 1995) ........................................................................... 8

**OTHER AUTHORITIES**

California Practice Guide: Federal Civil Procedure Before Trial ................................... 8

Fed.R.Civ.P. 16(b) ............................................................................................................ 9

Fed.R.Civ.P. 16(b)(4) ....................................................................................................... 8

Fed.R.Civ.P. (b)(6) ........................................................................................................... 6

Fed.R.Civ.P. 26 ................................................................................................................ 2

I. **LOCAL RULE 7-19 DISCLOSURE OF PARTIES**[1]

| COUNSEL | PARTY REPRESENTING |
|---|---|
| Christopher Brainard, Esq.<br>C.M. Brainard & Associates<br>1715 Via El Prado, Unit 9<br>Redondo Beach, CA 90277<br>Telephone: (310) 266-4115<br>Facsimile: (866) 222-1870 | Defendant Libigrow, Inc.,<br>d/b/a Xhale Distributors |

Plaintiff Spectrum Laboratories, LCC ("Spectrum") hereby applies, *ex parte*, for an Order modifying the Scheduling Order (Dkt. No. 37) to continue the Final Pretrial Conference, currently set for March 21, 2011, and Trial, currently set for April 5, 2011, so that the parties may have an opportunity to exhaust all settlement options before incurring the cost of trial, to have a fair opportunity to prepare for trial, and to present key expert testimony at trial. Spectrum respectfully requests that the Court continue the trial until May 17, 2011, or a date thereafter convenient to the Court. In the alternative, Spectrum requests an Order to hear on shortened time, Spectrum's Motion for an Order Amending the Scheduling Order.

II. **INTRODUCTION**

For more than a month Spectrum has attempted to prepare for trial in accordance with the Court's Orders and the Local Rules by attempting to work with Defendant Libigrow, Inc., d/b/a Xhale Distributors ("Libigrow") and its counsel. Libigrow has at every turn provided necessary documents on the day of a Court

---

[1] Spectrum has reached a settlement with the only other defendant, U.S. Global. The parties are currently awaiting signatures on the Settlement Agreement. After the Settlement Agreement is executed, Spectrum will file a dismissal of its claims as against U.S. Global only.

1

deadline, after the deadline or, worse yet not at all. This includes key documents including the parties' Joint Witness List, Joint Exhibit List and Final Pre-Trial Conference Order that they must file together with the Court. Because Libigrow refused to take part in the process, Spectrum had no choice but to file its pre-trial disclosure unilaterally on March 14, 2011. Further, Libigrow has produced for the first time in its exhibit list nearly 100 new exhibits counting thousands of pages that it never produced in discovery. Likewise, Libigrow's witnesses list identifies dozens of people who were never identified in this litigation despite the Rule 26 Initial Disclosure requirements and Spectrum's discovery requests asking for that information. Libigrow's inability to comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's Scheduling Order has caused and is continuing to cause significant prejudice in Spectrum's ability to prepare for trial.

Furthermore, Libigrow flat out ignored Spectrum's repeated requests to identify dates of availability for mediation as ordered by the Court. Libigrow, which never responded until after the Court's deadline for such mediation to occur in the first instance, refused to mediate until a few days before trial. Libigrow's counsel maintains his position despite the fact that Spectrum's counsel has repeatedly reminded him that mediation (i) is mandatory pursuant to the Court's June 4, 2010 Order (Dkt. No. 39), (ii) was supposed to be completed by February 18, 2011, and (iii) could be helpful in settling this matter.

Spectrum also applies for an Order modifying the Scheduling Order because Libigrow has utterly failed to cooperate with counsel with respect to the disclosure of experts and witnesses, and because Libigrow – with three court days before the Final Pretrial Conference – filed its own Final Pretrial Conference Order without cooperating with Spectrum. Libigrow's refusal to serve the Court-Ordered pre-trial order severely prejudices Spectrum by going to the pre-trial conference and trial

**MEMORANDUM OF P'S & A'S IN SUPPORT OF SPECTRUM'S *EX PARTE* APPLICATION TO MODIFY THE COURT'S SCHEDULING ORDER**

CV10-00329 PSG (JCx)

without a timely opportunity to review Libigrow's exhibits and Pretrial Conference Order.

Finally, due to an unforeseen conflict, Spectrum's designated expert, Bradley Evans, will not be available for trial until after April 20, 2011. Mr. Evans is a key witness for Spectrum because he will testify that the box of counterfeit "Quick Fix" product at issue in this case derived from the same printing source as a box of Libigrow's U Pass product. Therefore, his testimony establishes a key evidentiary link between Libigrow and the counterfeit product at issue. Without his testimony, therefore, Spectrum will be irreparably prejudiced and therefore his unavailability provides further good cause for continuing trial.

Spectrum therefore applies, *ex parte,* for an Order Modifying the Scheduling Order. Spectrum cannot bring a regularly-noticed motion because the Final Pretrial Conference is less than one week away, and the Trial is less than three weeks away. Spectrum has not unnecessarily delayed in seeking relief. Rather, Spectrum has been diligent in its efforts by attempting to resolve this matter informally (including proposing a stipulation to Libigrow's counsel and meeting and conferring in person), especially in view of the fact that the pre-trial disclosures that Libigrow failed to participate in with Spectrum or provide were due this past Monday, March 14, 2010. Because Libigrow is neither willing to cooperate with Spectrum nor comply with the Court's Order, Spectrum has no choice but to apply *ex parte* and to request that the Court continue the trial until May 17, 2011 or at a date thereafter that is convenient to the Court.

### III. BRIEF STATEMENT OF FACTS

A. Dates Are Set By The Court.

Spectrum filed this action on January 15, 2010 against Libigrow, alleging federal trademark infringement, federal trade dress infringement, federal unfair

3

MEMORANDUM OF P'S & A'S IN SUPPORT OF SPECTRUM'S *EX PARTE* APPLICATION TO MODIFY THE COURT'S SCHEDULING ORDER

CV10-00329 PSG (JCx)

competition, unfair competition under California state law, and unfair competition under common law. (Complaint, Dkt. No. 1.) On June 3, 2010, the Court vacated the scheduling conference and set the Final Pretrial Conference for March 21, 2011, and Trial for April 5, 2011. (Scheduling Order, Dkt. No. 37.) On June 4, 2010, the Court ordered the parties to engage in private mediation by no later than February 18, 2011. (ADR Order, Dkt. No. 39.)

      B.    <u>Libigrow Refuses to Mediate Pursuant to the Court's Order</u>.

On February 10, 2011, Spectrum's counsel asked Libigrow's counsel for his and Libigrow's owner, Almuntasser Hbaiu's, availability to attend mediation pursuant to the Court's Order requiring that such mediation occur by February 18, 2011. (Declaration of Gary J. Gorham ("Gorham Decl."), ¶ 5, Exh. B.) On February 17, 2011, Libigrow's counsel responded with several mediators, but did not provide his and Mr. Hbaiu's availability. (Id., ¶ 6, Exh. C.) On February 25, 2011, both counsel agreed to mediate before Hon. William F. McDonald (Ret.). (Id., ¶ 7.) On March 3, 2011, Spectrum's counsel provided Libigrow's counsel with Judge McDonald's availability, and asked for his and Mr. Hbaiu's availability. (Id., ¶ 8, Exh. D.) Libigrow's counsel did not respond. (Id.) On March 7, 2011, Spectrum's counsel again asked for Libigrow's counsel's and Mr. Hbaiu's availability for mediation. (Id., ¶ 9, Exh. E.) Libigrow's counsel finally responded by stating that Mr. Hbaiu would be unavailable to mediate until March 28, 2011. (Id., ¶ 10, Exh. F.) Libigrow's counsel further stated that Hbaiu was "looking into . . . what the additional expense will be, it frankly may be impossible at this late stage to schedule before trial." (Id.) On March 8, 2011, Spectrum's counsel responded by (i) expressing concern over Libigrow's unwillingness to comply with the Court's Order to complete mediation, (ii) explaining that waiting until the week before trial to mediate subverts the purpose of forcing the parties to exhaust possibilities of settlement before expending the cost of trial preparation, and (iii) proposing a

4

stipulation to continue trial so the parties could mediate in good faith. (Id., ¶ 11, Exh. G.) Libigrow's counsel did not respond, except by producing an exhibit that he wished to add to the exhibit list after the Joint Exhibit List had been filed. (Id, ¶ 12, Exh. H.)

On March 9, 2011, Spectrum's counsel asked Libigrow's counsel to respond to the March 8, 2011 letter. Libigrow's counsel did not respond. (Id, ¶ 13, Exh. I.) On March 14, 2011, Spectrum's counsel sent one final letter asking whether Libigrow would mediate pursuant to the Court's Order and the parties' agreement (Id., ¶ 14, Exh. A.)

On March 15, 2011, lead counsel for Spectrum, Gary J. Gorham, met and conferred personally with counsel for Libigrow regarding jury instructions. (Id., ¶ 15.) During that meeting, Libigrow's counsel first told Mr. Gorham that Hbaiu would not mediate before March 28, 2011. (Id.) Libigrow's counsel then took a telephone call with Hbaiu, in Mr. Gorham's presence, after which point Libigrow's counsel indicated he could also mediate in two days – March 17, 2011. (Id.) Libigrow's counsel also told Mr. Hbaiu, in front of Mr. Gorham, that he believed Spectrum's Application to Modify the Scheduling Order would be granted due to non-compliance with the Court's Order. (Id.) Libigrow's counsel followed up with a letter, sent via email, confirming Libigrow's agreement to mediate either on March 17, 2011 or after March 28, 2011. (Id., ¶ 16, Exh. J.)

C. <u>Libigrow Refuses to Disclose its Exhibits, Witnesses, Expert Reports or File a Final Pretrial Conference Order</u>.

On July 5, 2010, Libigrow filed and served its Initial Disclosures. (Libigrow's Initial Disclosures, Dkt. No. 40; Gorham Decl., ¶ 17, Exh. K.) Libigrow's Initial Disclosures disclosed a single individual, Mr. Hbaiu, in support of its defenses. (Id.) Libigrow did not disclose any documents in support of its defenses. (Id.)

5
**MEMORANDUM OF P'S & A'S IN SUPPORT OF SPECTRUM'S *EX PARTE* APPLICATION TO MODIFY THE COURT'S SCHEDULING ORDER**

CV10-00329 PSG (JCx)

On or about September 3, 2010, Spectrum served a notice of deposition of Libigrow's Rule 30(b)(6) designee, and requested documents relevant to this action. (Gorham Decl., ¶ 18, Exh. L.) On or about September 22, 2010, and again on about or about September 24, 2010, Spectrum served amended notices of deposition with identical document requests. (Id., ¶ 19.) Mr. Hbaiu, as Libigrow's Rule 30(b)(6) designee, produced approximately ten pages of documents. (Id., ¶ 20, Exh. M at 21:20-23:1.) Libigrow did not produce any further documents or amend its disclosures. (Id., ¶ 20.)

On January 4, 2011, Spectrum disclosed its expert witness, Bradley Evans, and produced Mr. Evans' expert report. (Id., ¶ 22.) On January 28, 2011, Libigrow disclosed the names of two experts, but did not disclose their expertise or education, and did not produce any report. (Id., ¶ 23, Exh. N.) On February 25, 2011— nearly a month after the rebuttal expert disclosure deadline—Libigrow's counsel finally emailed Libigrow's expert's report to Spectrum's counsel. (Id., ¶ 24.)

On February 25, 2011, counsel personally met and conferred to discuss the Joint Exhibit List and Joint Witness Lists, and to exchange exhibits. (Id., ¶ 25.) In the following days, counsel for Libigrow sent successive emails identifying new exhibits that Libigrow sought to add to the Joint Exhibit List. By the end of the day on February 28, 2011 – the deadline to file the Joint Exhibit List and Joint Witness List – Libigrow's counsel had added 48 exhibits to the Joint Exhibit List.[2] (Joint Exhibit List, Dkt. No. 114.) Libigrow's counsel promised to provide a copy of each

---

[2] Libigrow failed to disclose any documents in its Initial Disclosures. Accordingly, Spectrum has asserted objections to each and every one of Libigrow's exhibits on the Joint Exhibit List. Libigrow also added Cruz Rubio, Daniel Mejia and Derek Lee to the Joint Witness List. None of these individuals was disclosed in Libigrow's Initial Disclosures.

1  exhibit to Spectrum's counsel by the end of the day on February 28, however 26 of
2  Libigrow's 48 exhibits were not produced. (Id., ¶ 26.)
3       On March 5, 2011, Libigrow filed and served its Pretrial Disclosures.
4  (Libigrow's Pretrial Disclosures, Dkt. No. 129; Gorham Decl., ¶ 27, Exh. O.)[3] The
5  exhibits disclosed in Libigrow's Pretrial Disclosures were different than those in the
6  Joint Exhibit List. Specifically, Libigrow broke several of its exhibits into sub-parts
7  that were not previously disclosed until March 5. (Id., Exh. O.)
8       On March 7, 2011 – one week after the Joint Exhibit List was filed –
9  Libigrow's counsel sent 33 more exhibits in seven separate emails to Spectrum's
10 counsel. (Gorham Decl., ¶ 28, Exh. P.) On March 9, 2011, Libigrow's counsel sent
11 three additional exhibits to Spectrum's counsel. (Id., ¶ 29, Exh. Q.) That same day,
12 Spectrum's counsel sent Libigrow's counsel a letter outlining the impropriety of all
13 of Libigrow's late disclosures. (Id., ¶ 30, Exh. I.) In response, Libigrow produced
14 yet another exhibit – further conclusions of Libigrow's expert. (Id., ¶ 31, Exh. R.)
15 Despite Libigrow's voluminous tardy disclosures, Libigrow still has not provided
16 Spectrum with three of its exhibits. (Id., ¶ 36.)
17      Finally, Libigrow would not cooperate with Spectrum with respect to the
18 drafting and filing of the Final Pretrial Conference Order ("PTCO"). On March 10,
19 2011, Spectrum's counsel sent the draft PTCO, with Spectrum's portions included,
20 to Libigrow's counsel with a request that Libigrow provide its portion by the Court-
21 Ordered deadline of March 14, 2011. (Id., ¶ 32, Exh. S.) After several emails by
22 Spectrum's counsel to Libigrow's counsel, Libigrow's counsel made clear that he
23 would not timely provide Libigrow's portion of the PTCO. (Id., ¶ 34, Exhs. U.)

---

[3] Again, because Libigrow failed to disclose any documents in its Initial Disclosures, Spectrum asserted objections on the Joint Exhibit List.

7

MEMORANDUM OF P'S & A'S IN SUPPORT OF SPECTRUM'S *EX PARTE* APPLICATION TO MODIFY
THE COURT'S SCHEDULING ORDER

CV10-00329 PSG (JCx)

42451

1 Accordingly, on March 14, 2011, Spectrum had no other choice but to file the
2 PTCO without input from Libigrow. (Dkt. No. 145.)

## IV. LEGAL ARGUMENT

### A. Extenuating Circumstances Necessitated this Ex Parte Application.

Upon a showing of good cause, the Court may grant an *ex parte* request extending the time within which any act is required to be done. California Practice Guide: Federal Civil Procedure Before Trial (The Rutter Group), ¶ 2:172. Good cause is established by showing that (i) the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and (ii) the moving party is without fault in creating the crisis or that the crisis occurred as a result of excusable neglect. Mission Power Engineering Co. v. Continental Casualty Co., 883 F.Supp. 488, 492 (C.D. Cal. 1995).

Under the current Scheduling Order, the Final Pretrial Conference is on January 21, 2011, and Trial begins on April 5, 2011. If Spectrum were to bring its request to modify the Scheduling Order through a regularly-noticed motion, the request would not be heard until after trial. Thus, Spectrum would be irreparably prejudiced if its request were not to be heard on an *ex parte* basis. Moreover, as more fully discussed below, extenuating circumstances, including (i) Libigrow's delay and ultimate refusal to timely mediate and (ii) Libigrow's failure to comply with the Court's pre-trial deadlines, necessitated this Application.

### B. The Court May Modify its Scheduling Order.

A schedule may be modified upon a showing of good cause. Fed.R.Civ.P. 16(b)(4). To establish "good cause," parties seeking modification of a scheduling order must generally show that, even with the exercise of due diligence, they cannot meet the order's timetable. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). In requesting modification of a scheduling order, a formal

8

MEMORANDUM OF P'S & A'S IN SUPPORT OF SPECTRUM'S *EX PARTE* APPLICATION TO MODIFY THE COURT'S SCHEDULING ORDER

CV10-00329 PSG (JCx)

motion is not necessary. <u>Adv.Comm. Notes on 1983 Amendment to Rule 16(b)</u>. The court may modify the schedule after consultation with the attorneys provided "good cause" is shown. <u>Id.</u>

  C. <u>Good Cause Exists to Continue the Trial to Allow the Parties to Engage in Mediation.</u>

  There is good cause to modify the Scheduling Order to allow the parties to attend Court-Ordered mediation. Continuing the trial and the Final Pretrial Conference would allow the parties to exhaust all possibilities for settlement prior to bearing the expense of preparing for trial. Presumably, that was the Court's purpose behind ordering the parties to mediate before February 18, 2011. Waiting until the week before trial will completely subvert that purpose. If, however, the Court modifies the Scheduling Order and continues the trial, the parties will be able to mediate in good faith without incurring the cost of preparing for trial.

  Spectrum did not delay in bringing this Application. Spectrum attempted to mediate over one month ago. It was not until March 7, 2011 that Libigrow's counsel indicated that he and Hbaiu could not mediate until the week before trial. Spectrum's counsel met and conferred with Libigrow's counsel on March 15, 2011, at which point Libigrow's counsel reiterated his position that he could not mediate until March 28, 2011.

  Modification of the Scheduling Order is extremely important as it will allow Spectrum the opportunity to exhaust all settlement possibilities before incurring the cost of going to trial. Without modification, mediation so close to trial will most likely be fruitless.

  There will be no prejudice to any party in continuing trial. Allowing the parties to exhaust settlement options would serve the clients' and the Court's interests. To the extent Libigrow asserts that it would be prejudiced by an

9

**MEMORANDUM OF P'S & A'S IN SUPPORT OF SPECTRUM'S *EX PARTE* APPLICATION TO MODIFY THE COURT'S SCHEDULING ORDER**

CV10-00329 PSG (JCx)

1 | continuance, that prejudice would be of Libigrow's own making since it refused to
2 | comply with the Court's Order to mediate in February.

### D. Good Cause Exists to Modify the Scheduling Order to Allow Spectrum the Benefit of Preparing for Trial.

Good cause exists to modify the Scheduling Order so that Spectrum can fairly prepare for trial and competently prosecute its claims. Spectrum has fairly but vigorously litigated this action. It has engaged in written and oral discovery, has timely disclosed its facts and evidence to Libigrow, and has complied with each of the Court's Orders.

Libigrow, on the other hand, has hidden evidence and witnesses until just recently. Accordingly, Spectrum finds itself in the precarious position of litigating its claims in trial by ambush. Spectrum has not had an opportunity to review all of Libigrow's exhibits. Furthermore, Spectrum is just now learning of individuals that Libigrow intends to use in support of its defenses. And less than one week before the Final Pretrial Conference, Libigrow still has not submitted a Final Pretrial Conference Order.

A trial continuance would allow Libigrow the opportunity to complete all of its necessary disclosures, and allow Spectrum the opportunity to adequately prepare for trial. Accordingly, good cause exists for the requested continuance.

### E. Good Cause Exists to Modify the Scheduling Order so Spectrum Can Offer Testimony by its Unavailable Expert Witness

Spectrum's designated expert, Bradley Evans, is unavailable to appear at trial before April 20, 2011. Due to an unforeseen conflict, Spectrum's designated expert, Bradley Evans, will not be available for trial until after April 20, 2011. Mr. Evans is a key witness for Spectrum because he will testify that the box of counterfeit "Quick Fix" product at issue in this case derived from the same printing source as a box of Libigrow's U Pass product. Therefore, his testimony establishes a key evidentiary

10

MEMORANDUM OF P'S & A'S IN SUPPORT OF SPECTRUM'S *EX PARTE* APPLICATION TO MODIFY THE COURT'S SCHEDULING ORDER

CV10-00329 PSG (JCx)

link between Libigrow and the counterfeit product at issue. Without his testimony, therefore, Spectrum will be irreparably prejudiced and therefore his unavailability provides further good cause for continuing trial.

## V. CONCLUSION

For the foregoing reasons, Spectrum respectfully requests that the Court amend the Scheduling Order to provide for a trial continuance until May 17, 2011, or a date thereafter that is convenient to the court.

DATED: March 16, 2011　　　　　　　LEADER GORHAM LLP

　　　　　　　　　　　　　　　　　　/s/Gary J. Gorham
　　　　　　　　　　　　　　　　　　Gary J. Gorham
　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　SPECTRUM LABORATORIES, LLC