Gary J. Gorham (SBN: 171061)
ggorham@lglaw.la
Eric Ashton Puritsky (SBN 239577)
epuritsky@lglaw.la
**LEADER GORHAM LLP**
1990 South Bundy Drive, Suite 390
Los Angeles, CA 90025
Telephone: (310) 696-3300
Telecopy: (310) 696-3305

Attorneys for Plaintiff
SPECTRUM LABORATORIES, LLC

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPECTRUM LABORATORIES, LLC, an Ohio limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>US GLOBAL IMPORT, INC., a California corporation; LIBIGROW, INC. d/b/a Xhale Distributors, a California corporation; GENERAL SUPPLY WHOLESALER, INC., a California corporation; and Does 1-10,<br><br>Defendants. | Case No. CV10-00329 PSG (JCx)<br>[Hon. to Philip S. Gutierrez, Crtrm. 880]<br><br>**DECLARATION OF GARY J. GORHAM IN SUPPORT OF PLAINTIFF SPECTRUM LABORATORIES, LLC'S *EX PARTE* APPLICATION TO MODIFY THE COURT'S SCHEDULING ORDER TO CONTINUE FINAL PRETRIAL CONFERENCE AND TRIAL**<br><br>Date: None Scheduled<br>Time: None Scheduled<br>Courtroom: 880<br><br>*[Filed concurrently with Spectrum's Notice of Motion and Motion to Modify Scheduling Order; Memorandum of Points and Authorities; and [Proposed] Order; Supporting Declaration of Gary J. Gorham]* |

1

I, Gary J. Gorham, declare as follows:

1. I am an attorney licensed to practice law in California and am admitted to practice before this Court. I am counsel to Spectrum Laboratories, LLC ("Spectrum"). I have personal knowledge of the following facts, and if called as a witness, I could and would competently testify as follows:

### *EX PARTE* NOTICE AND THE PARTIES' MEET AND CONFER

2. On March 14, 2011, I sent a letter to Libigrow's counsel, Christopher Brainard, asking him to mediate pursuant to the Court's Order. This was my fifth letter to Mr. Brainard on the subject of mediation. I stated that if he refused to mediate, Spectrum would apply *ex parte* to continue the trial. A true and correct copy of my letter is attached hereto as Exhibit A.

3. On March 15, 2011, I met and conferred in person with Mr. Brainard. At that meeting, Mr. Brainard told me that his client, Almuntasser Hbaiu, would not mediate before March 28, 2011. I then told Mr. Brainard that Spectrum would apply *ex parte* to modify the scheduling order to continue the trial and Final Pretrial Conference. Mr. Brainard stated that he would oppose Spectrum's Application.

4. Mr. Brainard then spoke with Mr. Hbaiu on the telephone in my presence. I heard Mr. Brainard tell Mr. Hbaiu that he believed Spectrum's Application to Modify the Scheduling Order would be granted due to non-compliance with the Court's Order. After the phone call, Mr. Brainard told me he and his client could mediate in two days – March 17, 2011.

### LIBIGROW REFUSES TO MEDIATE PURSUANT TO THE COURT'S ORDER

5. On February 10, 2011, I directed my associate, Eric Ashton Puritsky, to ask Mr. Brainard for his and Mr. Hbaiu's availability to attend mediation pursuant to the Court's Order. A true and correct copy of Mr. Puritsky's letter to Mr. Brainard is attached hereto as Exhibit B.

2

**DECLARATION OF GARY J. GORHAM IN SUPPORT OF *EX PARTE* APPLICATION TO MODIFY SCHEDULING ORDER**

CV10-00329 PSG (JCx)

6. On February 17, 2011, Mr. Brainard responded with several mediators, but did not provide his or Mr. Hbaiu's availability. A true and correct copy of Mr. Brainard's letter is attached hereto as Exhibit C.

7. On February 25, 2011, Mr. Puritsky and I met and conferred in person with Mr. Brainard. The main purpose of this meeting was to prepare the Joint Exhibit List and Joint Witness List, and to exchange exhibits. At that meeting, Mr. Brainard and I agreed to mediate before Hon. William F. McDonald (Ret.).

8. On March 3, 2011, I directed Mr. Puritsky to provide Mr. Brainard with Judge McDonald's availability, and asked for his and Mr. Hbaiu's availability. Mr. Brainard did not respond. A true and correct copy of Mr. Puritsky's letter is attached hereto as Exhibit D.

9. On March 7, 2011, I directed my associate, Andrew Twietmeyer, to again ask Mr. Brainard for his and Mr. Hbaiu's availability for mediation. A true and correct copy of Mr. Twietmeyer's letter is attached hereto as Exhibit E.

10. On March 7, 2011, Mr. Brainard finally responded by stating that Mr. Hbaiu would be unavailable to mediate until March 28, 2011. He also stated that Mr. Hbaiu was "looking into . . .what the additional expense will be, it frankly may be impossible at this late stage to schedule before trial." A true and correct copy of Mr. Brainard's letter is attached hereto as Exhibit F.

11. On March 8, 2011, I responded by (i) expressing my concern over Libigrow's unwillingness to comply with the Court's Order to complete mediation, (ii) explaining that waiting until the week before trial to mediate subverts the purpose of forcing the parties to exhaust all possibilities of settlement before expending the cost of trial preparation, and (iii) proposing a stipulation to continue trial so the parties could mediate in good faith. A true and correct copy of my letter is attached hereto as Exhibit G.

3

**DECLARATION OF GARY J. GORHAM IN SUPPORT OF *EX PARTE* APPLICATION TO MODIFY SCHEDULING ORDER**

CV10-00329 PSG (JCx)

12. Mr. Brainard did not respond to my letter, except by producing an exhibit that he wished to add to the exhibit list after the Joint Exhibit List had already been filed. A true and correct copy of Mr. Brainard's response is attached hereto as Exhibit H.

13. On March 9, 2011, I sent Mr. Brainard a letter and asked him to respond to my March 8, 2011 letter. Mr. Brainard did not respond. A true and correct copy of my letter is attached hereto as Exhibit I.

14. On March 14, 2011, I sent Mr. Brainard one final letter asking whether he and Libigrow would mediate pursuant to the Court's Order and parties' agreement. A true and correct copy of my letter is attached hereto as Exhibit A.

15. On March 15, 2011, I met and conferred in person with Mr. Brainard. The main purpose of this meeting was to discuss jury instructions. At that meeting, Mr. Brainard told me that Mr. Hbaiu would not mediate before March 28, 2011. Mr. Brainard then spoke with Mr. Hbaiu on the telephone in my presence. I heard Mr. Brainard tell Mr. Hbaiu that he believed Spectrum's Application to Modify the Scheduling Order would be granted due to non-compliance with the Court's Order. After the phone call, Mr. Brainard told me he and his client could mediate in two days – March 17, 2011.

16. On March 15, 2011, Mr. Brainard sent me a letter confirming our meet and confer discussions. A true and correct copy of Mr. Brainard's letter is attached hereto as Exhibit J.

## LIBIGROW REFUSES TO DISCLOSE ITS EXHIBITS, WITNESSES, EXPERT REPORTS, OR COOPERATE WITH COUNSEL ON A FINAL PRETRIAL CONFERENCE ORDER

17. On July 5, 2010, Libigrow filed and served its Initial Disclosures. Libigrow's Initial Disclosures disclosed a single individual: Mr. Hbaiu. Libigrow did not disclose any documents in support of its defenses. Libigrow has not

4

DECLARATION OF GARY J. GORHAM IN SUPPORT OF *EX PARTE* APPLICATION TO MODIFY SCHEDULING ORDER

CV10-00329 PSG (JCx)

1  amended its Initial Disclosures. A true and correct copy of Libigrow's Initial
2  Disclosures is attached hereto as Exhibit K.
3      18. On or about September 3, 2010, Spectrum served a Notice of
4  Deposition on Libigrow's Rule 30(b)(6) designee, and requested documents relevant
5  to this action. A true and correct copy of the Notice of Deposition is attached hereto
6  as Exhibit L.
7      19. On or about September 22, 2010, and again on or about September 24,
8  2010, Spectrum served Amended Notices of Deposition with identical document
9  requests.
10     20. Mr. Hbaiu, as Libigrow's Rule 30(b)(6) designee, produced
11 approximately ten pages of documents in response to the Notice of Deposition.
12 Libigrow did not produced any further documents.
13     21. True and correct pages of the relevant testimony are attached hereto as
14 Exhibit M.
15     22. On January 4, 2011, Spectrum disclosed its expert witness, Bradley
16 Evans, and produced Mr. Evans' expert report.
17     23. On January 28, 2011, Libigrow disclosed the names of two experts, but
18 did not disclose their expertise or education, and did not produce any report. A true
19 and correct copy of Libigrow's disclosure is attached hereto as Exhibit N.
20     24. On February 25, 2011, Libigrow finally emailed Libigrow's expert's
21 report.
22     25. On February 25, 2011, I met and conferred, in person, with Mr.
23 Brainard to discuss the Joint Exhibit List and Joint Witness List, and to exchange
24 exhibits. Mr. Brainard asked me to include 48 exhibits on the Joint Exhibit List.
25 Mr. Brainard promised at that time to provide me with a copy of each exhibit of
26 Libibrow's exhibits by the end of the day on February 28, 2011.
27
28

5

**DECLARATION OF GARY J. GORHAM IN SUPPORT OF *EX PARTE* APPLICATION TO MODIFY SCHEDULING ORDER**

CV10-00329 PSG (JCx)

26. On February 28, 2011, I caused to be filed the Joint Exhibit List and Joint Witness List. Exhibits 37 through 84 are exhibits added by Libigrow. By the time counsel filed the Joint Exhibit List, Libigrow had still not provided Spectrum's counsel with 48 of its exhibits. Specifically, Libigrow did not provide exhibits 37 through 51, 53 through 58, 62 and 78 through 81.

27. On March 5, 2011, Libigrow filed and served its Pretrial Disclosures. The exhibits disclosed in Libigrow's Pretrial Disclosures were different than those in the Joint Exhibit List. Specifically, Libigrow broke exhibits 62, 71 through 75 and 77 into sub-parts that were not previously disclosed until March 5, 2011. A true and correct copy of Libigrow's Pretrial Disclosures is attached hereto as Exhibit O.

28. On March 7, 2011 – one week after the Joint Exhibit List was filed – Mr. Brainard sent 33 more exhibits in seven separate emails to me. Specifically, these were exhibits 37, 40 through 45, 48, 50, 51, 53 through 58 and 62 through 78. True and correct copies of Mr. Brainard's emails, without the attached exhibits, are collectively attached hereto as Exhibit P.

29. On March 9, 2011, Mr. Brainard sent three additional exhibits to me. A true and correct copy of Mr. Brainard's email, without the attached exhibits, is attached hereto as Exhibit Q.

30. On March 9, 2011, I sent Mr. Brainard a letter outlining the impropriety of all of Libigrow's late disclosures. A true and correct copy of my letter is attached hereto as Exhibit I.

31. In response, Mr. Brainard produced yet another exhibit – further conclusions of Libigrow's expert. A true and correct copy of Mr. Brainard's letter, without the attached exhibit, is attached hereto as Exhibit R.

32. On March 10, 2011, I directed Mr. Twietmeyer to send the draft Final Pretrial Conference Order ("PTCO") to Mr. Brainard, with Spectrum's portions included, to Mr. Brainard with a request that he provide Libigrow's portions by the

1  Court-Ordered deadline of March 14, 2011. A true and correct copy of Mr.
2  Twietmeyer's letter, with the attached draft PTCO, is attached hereto as Exhibit S.

3      33.    At approximately 10:30 a.m. on March 14, 2011, Mr. Puritsky sent Mr.
4  Brainard a letter inquiring as to the whereabouts of Libigrow's portions to the
5  PTCO. Mr. Brainard did not respond. A true and correct copy of Mr. Puritsky's
6  letter is attached hereto as Exhibit T.

7      34.    At approximately 1:45 p.m. on March 14, 2011, Mr. Brainard stated
8  that he was in trial that day. A true and correct copy of Mr. Brinard's letter is
9  attached hereto as Exhibit U.

10      35.    By 3:00 p.m. on March 14, 2011, Libigrow still had not provided any
11  input on the PTCO. Since the deadline to lodge the PTCO was March 14, 2011, I
12  caused to be lodged the PTCO with Spectrum's portions only.

13      36.    As of the date of this filing, Libigrow still has not produced Exhibits
14  46, 47 and 49.

15      I declare under penalty of perjury under the laws of the United States of
16  America that the foregoing is true and correct.

17      Signed this 16th day of March 2011, at Los Angeles, California.

                                      /s/Gary J. Gorham
                                      Gary J. Gorham