1 | Gary J. Gorham (SBN: 171061)
ggorham@lglaw.la
2 | Eric Ashton Puritsky (SBN 239577)
epuritsky@lglaw.la
3 | **LEADER GORHAM LLP**
4 | 1990 South Bundy Drive, Suite 390
Los Angeles, CA  90025
5 | Telephone:   (310) 696-3300
6 | Telecopy:    (310) 696-3305

7
Attorneys for Plaintiff
8 | SPECTRUM LABORATORIES, LLC

9 | **UNITED STATES DISTRICT COURT**

10 | **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SPECTRUM LABORATORIES, LLC, an Ohio limited liability company, | Case No. CV10-00329 PSG (JCx) |
| | [Hon. Judge Philip S. Gutierrez – Ctrm. 880] |
| Plaintiff, | **[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER** |
| vs. | |
| US GLOBAL IMPORT, INC., a California corporation; LIBIGROW, INC. d/b/a Xhale Distributors, a California corporation;  GENERAL SUPPLY WHOLESALER, INC., a California corporation; and Does 1-10, | <u>Final PreTrial Conference</u><br><br>Date:      May 2, 2011<br>Time:      2:30 p.m.<br>Room:      880 |
| Defendants. | Complaint Filed:     January 15, 2010<br>Discovery Cut-off:  December 28, 2010<br>Final Pretrial:          May 2, 2011<br>Trial Date:               May 17, 2011 |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

43442_2.doc

# TABLE OF CONTENTS

I.      THE PARTIES AND PLEADINGS AT ISSUE ................................................. 1

II.     JURISDICTION AND VENUE ................................................................ 2

III.    TRIAL ESTIMATE ............................................................................ 2

IV.     JURY TRIAL ................................................................................... 2

V.      ADMITTED FACTS .......................................................................... 3

VI.     STIPULATED FACTS SUBJECT TO OBJECTION. .................................. 3

VII.    CLAIMS AND DEFENSES TO BE PRESENTED AT TRIAL. .................... 4

VIII.   ISSUES REMAINING FOR TRIAL. ...................................................... 14

IX.     STATUS OF DISCOVERY. ................................................................. 16

X.      TRIAL EXHIBITS. ........................................................................... 16

XI.     WITNESS LISTS. ............................................................................. 34

XII.    LAW AND MOTION MATTERS AND MOTIONS *IN LIMINE*. ............... 34

XIII.   BIFURCATION. .............................................................................. 36

XIV.    FINAL PRETRIAL CONFERENCE ORDER. .......................................... 36

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

43442_2.doc

{2692489:}i

## I.     THE PARTIES AND PLEADINGS AT ISSUE

The parties are Plaintiff Spectrum Laboratories, LLC ("Spectrum"), and Defendant Libigrow, Inc. d/b/a Xhale Distributors ("Libigrow").

Libigrow has been served and has appeared.  All other parties named in the pleadings and not identified in the proceeding paragraph are now dismissed.

The pleading which raises the issues is Spectrum's January 15, 2010 Complaint (Dkt. No. 1) for (1) trademark infringement, (2) trademark counterfeiting, (3) trade dress infringement, (4) unfair competition under the Lanham Act, (5) unfair competition under California common law, and (6) unfair competition under California Business and Professions Code section 17200, et seq. Each of the aforementioned claims is brought by Spectrum against Libigrow.

Libigrow has answered and had denied all allegations including liability, and further denies that Spectrum has a valid protectable trademark of any kind due to the fact that the underlying synthetic urine product of Spectrum's is specifically and illegally designed to pass Department of Transportation Drug Tests per DOT Guidelines (See 49 CFR Section 40.65).

Libigrow has asserted in its answer affirmative defenses including: i) unclean hands, ii) intent to injure competition, iii) invalidity of trademark, iv) misuse of intellectual property rights, v) failure to mitigate, and vi) fair competition. Libigrow contends that Spectrum has manufactured the case for anti-competitive reasons. Libigrow denies that Spectrum has a valid trademark or tradedress, that there was counterfeiting.  Libigrow contends that this is a case asserted by "a would" be monopolist in Spectrum and that Spectrum has engaged in conduct and conspiracy with others including Kassir, Co. or others to attack Libigrow for being a potential competitor in both the synthetic urine market and other markets.  Libigrow asserts as a consequence that Spectrum has unclean hands and should not be allowed to proceed or recover.  Libgrow further asserts Spectrum is in violation of the Sherman

{2692489:} 1

43442_2.doc

1 Act, Sections 1 and 2, and that as a consequence Spectrum may not proceed as and
2 against Libigrow.

3

4 **II.     JURISDICTION AND VENUE**

5      Federal jurisdiction and venue are invoked upon the following grounds:

6      1.     This action arises in part under Sections 32 and 43(a) of the Lanham
7 Act (15 U.S.C. §§ 1114 and 1125(a)) and asserts claims of federal trademark
8 infringement and unfair competition. The Court has jurisdiction over the related
9 state causes of action under 28 U.S.C. §§ 1338(b) and 1367(a).

10      2.     The Court has personal jurisdiction over Libigrow under Fed. R. Civ.
11 P. 4(k)(1)(A), as Libigrow is located in, does business in, and/or on information and
12 belief, committed at least some of the allegedly infringing acts complained of, in
13 this judicial district, thereby availing itself of the benefits and protections of its laws.

14      3.     Venue properly lies in the Central District of California under 28
15 U.S.C. §§ 1391(b) and (c) and 1400(a) and (b).

16

17 **III.    TRIAL ESTIMATE**

18      The trial is estimated to take ten (10) trial days.

19      Pursuant to the Court's March 21, 2011 Order, the parties filed and served
20 their proposed jury instructions and verdict forms on April 11, 2011.

21

22 **IV.    JURY TRIAL**

23      The trial is to be a jury trial.  The timeline for the parties to file and serve their
24 proposed jury instructions and proposed voir dire questions for the jury is set forth
25 in the Court's June 3, 2010 Order for Jury Trial.

26

27

28

41342_2.doc

1  V.   **ADMITTED FACTS**

2      There are no admitted facts.

3

4  VI.  **STIPULATED FACTS SUBJECT TO OBJECTION.**

5      The following facts, though stipulated, shall be without prejudice to any

6  evidentiary objection:

7

8      1.   Spectrum is the owner of U.S. Trademark Registration No. 3,334,957

9  (the "957 Registration") on the Principal Register of the United States Patent and

10 Trademark Office for the Urine Luck aka URN Luck trademark.

11     2.   The United States Patent and Trademark Office registered the URINE

12 LUCK trademark on November 13, 2007, as Registration No. 3,334,957.

13     3.   Exhibit 14 on the Joint Exhibit list is an accurate copy of the Certificate

14 of Registration.

15     4.   The Urine Luck aka URN Luck mark was registered on the Principal

16 Register of the United States Patent and Trademark Office on November 13, 2007.

17     5.   The Urine Luck aka URN Luck mark is used in connection with the

18 sale of Spectrum's URN Luck Quick Fix product.

19     6.   Libigrow is located at 464 E. 4th Street, Los Angeles, California

20 90013-1604.

21     7.   Libigrow and Spectrum were competitors in the geographic area known

22 as the United States and conducted advertising and promotions within that

23 geographic area.

24     8.   364 Printing & Design at one time was located at 464 E. 4th Street, Los

25 Angeles, California 90013-1604.

26

27

28

1   **VII.   <u>CLAIMS AND DEFENSES TO BE PRESENTED AT TRIAL.</u>**

2   <u>**Spectrum's Claims:**</u>

3   Spectrum plans to pursue the following claims against Libigrow:

4   <u>Claim 1</u>:     Libigrow infringed Spectrum's federally-registered

5   trademark to the phrase URINE LUCK under 15 U.S.C. § 1114.

6   <u>Claim 2</u>:     Libigrow counterfeited Spectrum's federally-registered

7   trademark to the phrase URINE LUCK under 15 U.S.C. § 1114.

8   <u>Claim 3</u>:     Libigrow infringed Spectrum's trade dress for its Quick

9   Fix synthetic urine product.

10  <u>Claim 4</u>:     Libigrow unfairly competed against Spectrum under the

11  Lanham Act.

12  <u>Claim 5</u>:     Libigrow unfairly competed against Spectrum under

13  California common law.

14  <u>Claim 6</u>:     Libigrow unfairly competed against Spectrum under

15  California <u>Business and Professions Code</u> § 17200.

16

17  The elements required to establish Spectrum's claims:

18                          **CLAIM 1**

19                   Elements Required to Establish

20          <u>Spectrum's Claim for Trademark Infringement</u>

21          1.      URINE LUCK is a valid, protectable trademark;

22          2.      Spectrum owns the phrase URINE LUCK as a trademark;

23          3.      Libigrow used the URINE LUCK trademark, or a mark similar

24  to it without the consent of Spectrum in a manner that is likely to cause

25  confusion among ordinary consumers as to the source, sponsorship,

26  affiliation, or approval of the goods.

27

28

{2692489:}4

43342_2.doc

## CLAIM 2

Elements Required to Establish

Spectrum's Claim for Trademark Counterfeiting

1.   URINE LUCK is a valid, protectable trademark;

2.   Spectrum owns the phrase URINE LUCK as a trademark;

3.   Libigrow intentionally used a counterfeit mark in connection with the sale, offering for sale, or distribution of synthetic urine.

## CLAIM 3

Elements Required to Establish Spectrum's Claim for Trade Dress Infringement

1.   The Quick Fix trade dress is distinctive;

2.   Spectrum owns the Quick Fix trade dress as trade dress;

3.   The Quick Fix trade dress is non-functional; and

4.   Libigrow used the Quick Fix trade dress without the consent of Spectrum in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of Spectrum and/or Libigrow's goods.

## CLAIMS 4 THROUGH 6

Elements Required to Establish Spectrum's Claim for Unfair Competition

Under The Lanham Act, California Common Law, And

California Business & Professions Code § 17200

1.   Libigrow used the phrases "Quick Fix," "URN LUCK," or the URINE LUCK trademark, or any other words, terms, names, or symbols, or device, or any combination thereof, in connection with goods or a container for goods;

43442_2.doc

{2692489:}5

2.      Such use is likely to cause confusion, or to cause mistake, or to deceive as to the origin of Libigrow's goods.

3.      Spectrum was or is likely to be damaged by the actions of Libigrow.

A brief description of the key evidence in support of each of the claims:

Claim 1: Spectrum will establish conclusively that URINE LUCK is a valid, protectable trademark and that it owns the trademark by admitting into evidence, through a Spectrum witness, the certification of registration of that trademark, Reg. No. 3,334,957. Spectrum will establish that Libigrow infringed the trademark by proving that Libigrow counterfeited Spectrum's Quick Fix synthetic urine product, which incorporates the URINE LUCK trademark. Spectrum will prove that Libigrow is the source of the counterfeited goods (1) through the testimony of its expert witness, Brad Evans, who will testify that the counterfeit Quick Fix boxes and Libigrow's U Pass boxes were produced by the same printing process, and therefore originated from the same source; (2) through the testimony of Spectrum's private investigator, Nick Savala, who will testify about his investigative findings related to the counterfeited goods and that he purchased counterfeit Quick Fix from US Global (who had previously obtained synthetic urine from Libigrow); and (3) through the testimony of Libigrow's Almuntasser Hbaiu who will testify that he previously tried to sell synthetic urine to US Global and that he had 15,000 bottles of unusable synthetic urine in his inventory, which are the bottles that he sold inside the counterfeit Quick Fix boxes.

Spectrum will prove that Libigrow's counterfeiting activities are likely to cause consumer confusion through testimony from Spectrum witnesses

43342_2.doc

(Matt Stephens, Fran Kusala, or Linda Warren), who will testify about actual consumer confusion and other facts bearing on likelihood of confusion.

Spectrum will establish its claim for damages through the testimony of Spectrum witnesses, who will testify about the loss of sales, profits, and goodwill caused by the counterfeiting and about the typical sales price of its Quick Fix product; and through the testimony of Almuntasser Hbaiu, who will testify about the prices charged for synthetic urine and the number of bottles of synthetic urine he purchased with the intent of reselling.

Claim 2: Spectrum will establish that Libigrow counterfeited its trademark in the same way it will establish Claim 1 for trademark infringement as explained above.

Claim 3: Spectrum will establish that the Quick Fix trade dress is distinctive through the testimony of Spectrum witnesses (Matt Stephens, Fran Kusala, or Linda Warren), who will testify about the trade dress, actual confusion, advertisements incorporating the trade dress, the length and manner in which Spectrum used the claimed trade dress, Spectrum's exclusive use of the trade dress, and copying of the trade dress. Spectrum witnesses also will establish that Spectrum owns the Quick Fix trade dress and that the trade dress is not functional. Spectrum will establish that Libigrow used the Quick Fix trade dress without Spectrum's consent, and that such use is likely to cause consumer confusion, in the same way that it will establish Claim 1 for trademark infringement as explained above.

Claims 4 through 6: Spectrum will establish that Libigrow unfairly competed with Spectrum in the same way it will establish Claim 1 for trademark infringement as explained above.

43342_2.doc

**LIBIGROW'S POSITION AS TO SPECTRUM'S CLAIMS:**       Spectrum cannot establish liability for counterfeiting.  It has no witnesses and no direct evidence.  It only has the solitary piece of alleged "U-Pass" packaging which is spoliated in that the internals are missing and the remaining packaging torn.   There is no explanation why exhibits 37, 40 through 58 do not exhibit the same dot patterns since they are Libigrow products which were printed by 364 Printing.  The alleged "U-Pass" packaging should be excluded as Spectrum refused to produce it for testing claiming it is the only exemplar in the world.  Libigrow products are counterfeited inclusive of its product "U-Pass" such that there is no way to authenticate the alleged packaging tested by Spectrum.  Libigrow's expert's comparative testing of legitimate "U-Pass" and the allegedly counterfeit "Quick-Fix" demonstrates they are not printed at the same source.  Spectrum essentially has no evidence and no case.

Libigrow seeks the following jury instruction on spoliation:

"SPOLIATION

Libigrow also contends that its access to evidence relevant or potentially relevant to the matters involved in this lawsuit was substantially hindered by Spectrum. Spectrum, its employees or agents, and its counsel have a duty not to take action that will cause the destruction or loss of potentially relevant evidence where that destruction or loss of evidence will hinder Libigrow from making its own examination and investigation of potentially relevant evidence. When a party has possession of a piece of evidence at a time when it knows or should have known the evidence is relevant or potentially relevant in pending or reasonably foreseeable litigation, the law requires the party in possession to preserve the potentially relevant evidence. If you find in this case that Spectrum destroyed, made unavailable, or failed to produce documents of evidence that it knew or should have

**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**

CV10-00329 PSG (JCx)

43442_2.doc

1  known were relevant or potentially relevant to the matters involved in this lawsuit,
2  you may presume, if you feel justified in doing so, that the destroyed or unavailable
3  evidence would have been unfavorable to Spectrum's theories on its claims in this
4  case."

5

6  **Libigrow's Defenses:**

7

8  I.      **VALIDITY**
9          A. DECEPTIVE MARK – ELEMENTS
10                      DECEPTIVE TRADEMARK

11

12  Libigrow will prove that Spectrum's claimed trademarks "Urine Luck" and
13  "Quick- Fix" are deceptive and therefore unenforceable.  Libigorw will show based
14  on the evidence presented at trial including the advertising and promotions done by
15  Spectrum, that the answers to the next three questions are "yes" such that its
16  conclusively established that the "Urine Luck" and "Quick-Fix" marks are
17  deceptive and therefore unenforceable:

18

19

20      1) Do the names "Urine Luck" and "Quick-Fix" as promoted and advertised by
21      Spectrum mis-describe Spectrum's synthetic urine as a product that is intended
22      to be substituted for a test subject's urine so as to deceive drug test
23      administrators into believing the synthetic urine is the test subject's
24      real urine?

25

26      2) Are prospective purchasers likely to believe misdescription
27      described in Question 1?

28

43442_2.doc

1

2       3) Is the misdescription in Question 1 likely to affect the decision of the

3       consumer in making the purchase of Spectrum's product?

4

5   In determining if Spectrum's marks are unenforceable, it is irrelevant if any of

6   Libigrow's marks are also unenforceable – Libigrow is not attempting to enforce

7   any of its marks.

8           1. <u>EVIDENCE IN SUPPORT</u>

9       Spectrum's product in its totality and on its face including the plain meaning

10  of the words in its marks demonstrate that it is marketed for something other than a

11  legitimate purpose – i.e., is deceptively marked.  The product cannot have as its

12  legitimate purpose that it is used for deceiving lawfully administered drug tests,

13  despite the fact that the presentation and advertising used in conjunction with

14  product's marks describe it specifically for that purpose.   Testimony from Spectrum

15  as well as those third parties to the suit will confirm as will the advertising by

16  Spectrum and its affiliates.  Exhibits 71 through 81 will be referenced.

17

18      **B.** <u>IMMORALITY – ELEMENTS</u>

19      Libigrow will demonstrate that Spectrum's "Urine Luck" and "Quick-Fix"

20  marks as used in marketing and promotions by Spectrum are immoral.  Spectrum

21  promotes and uses the "Urine Luck" and "Quick-Fix" marks in such a way that it is

22  immoral such that their marks are not enforceable.   Spectrum uses its marks in such

23  as way as to suggest that use of the synthetic urine product is for immoral acts

24  including deceiving Department of Transportation drug test administrators (i.e., the

25  product is specifically designed to pass 49 CFR Section 40 et. seq.) and for

26  deceiving lawfully administered drug tests.

27

28

43342_2.doc

## 1. EVIDENCE IN SUPPORT

Spectrum's product in its totality and on its face, inclusive of the quantity and use of heating devices, directions, advice provided over the phone, and the exact manner in which the product is advertised and promoted as well as numerous other aspects show it is specifically designed to be used to deceive Department of Transportation Drug Tests which is illegal. 49 CFR Section 40 et. seq. provides the guidelines for Department of Transportation testing and Spectrum and its affiliates will admit the product is designed to satisfy these guidelines. Spectrum's employees and affiliates will admit to numerous aspects in their advertising and in their product design which confirms that it is specifically designed to illegally pass drug tests via fraud and deception. Exhibits 71 through 81 will be referenced.

## C. DECEPTIVELY MISDESCRIPTIVE – ELEMENTS

Libigrow will show that Spectrum's claimed trademarks "Urine Luck" and "Quick Fix" are deceptively misdescriptive and therefore unenforceable. Based on the evidence to be presented including the advertising and promotions conducted by Spectrum, the answers to the following two (2) questions are "yes" and Spectrum's marks are therefore deceptively misdescriptive and unenforceable against Libigrow, Inc.

(1) Do the "Urine Luck" and "Quick-Fix" marks as advertised and promoted by Spectrum, misdescribe Spectrum's synthetic urine as a product that can be used to deceive drug test administrators into thinking the synthetic urine is the urine of the person being tested?

(2) Are consumers of the product likely to believe the misdescription?

43442_2.doc

1        1.  EVIDENCE IN SUPPORT

2        Spectrum's product in its totality and on its face including the plain meaning

3   of the words in its marks demonstrate that it is marketed for something other than a

4   legitimate purpose – i.e., is deceptively marked.  The product cannot have as its

5   legitimate purpose that it is used for deceiving lawfully administered drug tests,

6   despite the fact that the presentation and advertising used in conjunction with

7   product's marks describe it specifically for that purpose.   Testimony from Spectrum

8   as well as those third parties to the suit will confirm as will the advertising by

9   Spectrum and its affiliates.  Exhibits 71 through 81 will be referenced.

10

11        **D.** INCONSISTENCY

12        Libigrow asserts that Spectrum has not fulfilled its duty in ensuring that its

13   marks and the goods are consistently marketed to the public. If you conclude that

14   the "Quick-Fix" product is marketed to consumers in a way that is inconsistent with

15   its legitimate function, and that said advertising is conducted by Spectrum, its

16   affiliates, or at their consent, then you find that the mark is unenforceable and that

17   Libigrow is innocent.

18        1.  EVIDENCE IN SUPPORT

19        Spectrum's product in its totality and on its face including the plain meaning

20   of the words in its marks demonstrate that it is marketed for something other than a

21   legitimate purpose – i.e., is deceptively marked.  The product cannot have as its

22   legitimate purpose that it is used for deceiving lawfully administered drug tests,

23   despite the fact that the presentation and advertising used in conjunction with

24   product's marks describe it specifically for that purpose.   Testimony from Spectrum

25   as well as those third parties to the suit will confirm as will the advertising by

26   Spectrum and its affiliates. Exhibits 71 through 81 will be referenced.

27

28

43342_2.doc

## II.   ANTI-TRUST/UNCLEAN HANDS

### A. SHERMAN ACT – SECTION 1

Spectrum entered into a contract, combination in the form of a trust or otherwise, or conspiracy, in restraint of trade or commerce.

### 1.  EVIDENCE IN SUPPORT

Spectrum's demand letters from Cupar (Ex. 3 & 79) are evidence of an existence of an agreement that restrains trade.  The patent asserted in those letters as well as the Haddad patent demonstrate that the letters are faulty and designed to restrain trade (Ex. 80 and 81).  Testimony from both Spectrum's employees and Libigrow's employees will confirm the existence of the agreement and the attempts to restrain trade by and through coercion, specious legal threats, and sham lawsuits like this one.  Third party percipient witnesses will further confirm the same. Spectrum seeks to monopolize the synthetic urine market and has entered agreements and conspiracies to do the same.

### B. SHERMAN ACT – SECTION 2

Libigrow contends that Spectrum is attempting to create a monopoly. If you agree and find that Spectrum is attempting to acquire a monopoly of synthetic urine and using its trademark in furtherance of that attempt, then its trademark is unenforceable and Libigrow must be found innocent.

### 1.  EVIDENCE IN SUPPORT

Spectrum's demand letters from Cupar (Ex. 3 & 79) are evidence of an existence of an agreement that restrains trade.  The patent asserted in those letters as

43342_2.doc

1    well as the Haddad patent demonstrate that the letters are faulty and designed to

2    restrain trade (Ex. 80 and 81).  Testimony from both Spectrum's employees and

3    Libigrow's employees will confirm the existence of the agreement and the attempts

4    to restrain trade by and through coercion, specious legal threats, and sham lawsuits

5    like this one.  Third party percipient witnesses will further confirm the same.

6    Spectrum seeks to monopolize the synthetic urine market and has entered

7    agreements and conspiracies to do the same.

8

9    **VIII.  ISSUES REMAINING FOR TRIAL.**

10          In view of the admitted facts and the elements required to establish the

11   claims, counterclaims and affirmative defenses, Spectrum takes the position that the

12   following additional issues remain to be tried:

13          1.   Whether Libigrow willfully infringed Spectrum's trademark;

14          2.   Whether Libigrow counterfeited Spectrum's trademark;

15          3.   Whether Libigrow willfully counterfeited Spectrum's trademark;

16          4.   Whether Libigrow unfairly competed against Spectrum;

17          5.   Whether Libigrow willfully engaged in unfair competition

18               against Spectrum;

19          6.   Whether Libigrow infringed Spectrum's trade dress;

20          7.   Whether Libigrow willfully infringed Spectrum's trade dress;

21          8.   The amount of compensatory damages to be awarded to

22               Spectrum, if any, as a result of Libigrow's trademark

23               infringement, trademark counterfeiting, unfair competition, or

24               trade dress infringement;

25

26

27

28

43342_2.doc

{2692489:}14

9.   The amount of punitive damages, if any, to be awarded to Spectrum as a result of Libigrow's unfair competition under California common law or under California Business and Professions Code § 17200;

10.  Whether to increase the amount of actual damages awarded by the jury, not exceeding three times such amount on any claim actually proven;

11.  Whether to award reasonable attorney fees to Spectrum; and

12.  If the jury finds Libigrow liable for counterfeiting Spectrum's trademark, whether "extenuating circumstances" exist under 15 U.S.C. § 1117(b);

13.  The amount of statutory damages to award to Spectrum if the jury finds Libigrow liable for counterfeiting Spectrum's trademark and Spectrum elects, "at any time before final judgment is rendered by the trial court," to recover statutory damages under 15 U.S.C. ¶ 1117(c); and

14.  Whether to enter a permanent injunction prohibiting any future acts of infringement, counterfeiting, or unfair competition by Libigrow and others identified in Rule 65(d)(2) of the Federal Rules of Civil Procedure.

Libigrow takes the position that the following additional issues remain to be tried:

1.   Whether Spectrum has a valid and enforceable trademark;

2.   Whether Spectrum's marks are deceptive;

3.   Whether Spectrum's marks are immoral;

4.   Whether Spectrum's marks are deceptively misdescriptive;

43342_2.doc

{2692489;}15

5.   Whether Spectrum's marks are inconsistent;

6.   Whether Spectrum has entered into an agreement to restrain trade; and

7.   Whether Spectrum has entered into a conspiracy to restrain trade; Whether Spectrum has attempted to acquire monopoly power.

8.   Whether to award reasonable attorney fees and costs to Libigrow;

## IX.   STATUS OF DISCOVERY.

All discovery is complete.  All disclosures under Rule 26(a)(3) of the Federal Rules of Civil Procedure have been made.  The parties reserve all rights to their objections and motions in limine pending determination by the Court.

## X.   TRIAL EXHIBITS.

The First Amended Joint Exhibit List of the parties has been filed under separate cover as required by the Local Rules and the Court's June 3, 2010 Order for Jury Trial.  Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial, except those exhibits listed below:

Spectrum objects to Exhibit Nos. 4, 5, 9, 37-64, 66-78 and 80-88.

Libigrow objects to Exhibit Nos. 1, 3, 6-8, 11-25, 28-30 and 32-36 and 88.

The objections to the above-identified exhibits, and grounds therefore, are:

| Ex. No. | Description | Objection |
|---|---|---|
| 1-1 | Trademark Electronic Search System" for Libigrow (Exhibit 1 to Libigrow deposition) | FRE 401, 402 |
| 1-2 | Libigrow, Inc.'s Secretary of State statements for the Articles of Incorporation (Exhibit 1 to Libigrow deposition) | FRE 401, 402, |

43342_2.doc

| Ex. No. | Description | Objection |
|---|---|---|
| 1-3 | Get It Up, Inc.'s Secretary of State Statement of Information (Exhibit 1 to Libigrow deposition) | FRE 401, 402 |
| 1-4 | Notice of Acceptance as an S Corporation of Libigrow, Inc (Exhibit 1 to Libigrow deposition) | FRE 401, 402 |
| 1-5 | Libigrow, Inc's Seller's Permit (Exhibit 1 to Libigrow deposition) | FRE 401, 402 |
| 1-6 | Get It Up, Inc.'s Employer Identification Number (Exhibit 1 to Libigrow deposition) | FRE 401, 402, 403 |
| 1-7 | Xhale Distributors's Sellers' Permit (Exhibit 1 to Libigrow deposition) | FRE 401, 402, 403 |
| 1-8 | Exhale's Fictitious Name Statement (Exhibit 1 to Libigrow deposition) | FRE 401, 402, 403 |
| 3 | July 22, 2009 letter from McDonald Hopkins to Xhale Distributors (Exhibit 3 to Libigrow deposition) | FRE 402, 403, 802, 805, 901, 1002 * Libigrow may wave objections in support of defenses inclusive Anti-Trust |
| 4 | November 18, 2010, Spectrum Notice of 30(b)(6) deposition of U.S.Global Import Inc. | Relevance (FRE § 401, 402). |
| 5 | November 18, 2010, Spectrum Notice of deposition of Nadar Faraji | Relevance (FRE § 401, 402). |
| 6-1 | Invoices to US Global from L.A. Cash and Carry (Exhibit 6 to Fararji deposition) | FRE 402, 802, 805, 901, 1002 |
| 6-2 | Invoices to US Global from Kassir Co. Inc. (Exhibit 6 to Fararji deposition) | FRE 402, 802, 805, 901, 1002 |
| 7 | *Invoices from US Global to various customers (Exhibit 7 to Fararji deposition) | FRE 402, 802, 805, 901, 1002 |

43442_2.doc

| Ex. No. | Description | Objection |
|---|---|---|
| 8 | Corporate Documents for U.S. Global (Exhibit 8 to Faraji deposition) | FRE 401, 402 |
| 9 | October 29, 2010, Third Party Complaint filed by U.S. Global Import, Inc. | Relevance (FRE § 401, 402); Hearsay (§ 802). |
| 11 | Counterfeit Quick Fix product, including packaging and contents | FRE 402, 403, 901 Chain of Custody; Authenticity; Not disclosed/produced until after cut-off in Spectrum's expert report; Not produced in timely fashion to inspection demands. Violates FRCP 26, 34 |
| 12 | U Pass product, including packaging and contents | FRE 402, 403, 901 Chain of Custody; Authenticity; Not disclosed/produced until after cut-off in Spectrum's expert report; Not produced for expert testing until April 1, 2011 or in response to discovery demand; Violates FRCP 26, 34, 37,. Further, internals including synthetic urine, handwarmers, rubberband, flyer, directions, thermostrip, bottle cap, or the like have NEVER been produced or identified to this very day and Spectrum's expert report (first identification) only identified the packaging which was lately produced on April 1, 2011, for inspection or testing.  FRCP 26, 34, 37 |
| 13 | Genuine Quick Fix product, including packaging and contents | FRE 402, 403, 901 Chain of Custody; Authenticity; Not disclosed/produced until after cut-off in Spectrum's expert report; Different than product in complaint Violates FRCP 26, 34, 37 |
| 14 | U.S. Registration Certificate for URINE LUCK trademark (Reg. | FRE 401, 402, 403 |

43442_2.doc

| Ex. No. | Description | Objection |
|---|---|---|
| | No. 3,334,957) | |
| 15 | Spectrum's call logs and notes (SPEC0001-27) | FRE 401, 402, 403, 801, 802, 1002 |
| 16 | Expert Report of Brad Evans (SPEC0039-44) | FRE 401, 402, 403, 701, 702, 703, 704, 705, 801, 802, 1002; Relies on undisclosed and unproduced and late produced evidence Ex.11, 12, 13 |
| 17 | Photographs comparing genuine Quick Fix to counterfeit Quick Fix (SPEC0045-51) | FRE 401, 402, 403, 801, 802, 901, 1002; White boxes in complaint and Black boxes later identified and produced; Chain of custody of counterfeit product at issue |
| 18 | Declaration of Karen Spaulding, with invoices attached (SPEC0052-55) | FRE 401, 402, 403, 701, 802, 901, 1002 |
| 19 | *Declaration of Matt Stephens (SPEC0028-34) | FRE 401, 402, 403, 701, 802, 901, 1002 |
| 20 | *Declaration of Nick Savala (SPEC0035-38) | FRE 401, 402, 403, 701, 802, 901, 1002 |
| 21 | Declaration of Musharaf Spall (SPEC0056-57) | FRE 401, 402, 403, 701, 802, 901, 1002 |
| 22 | Declaration of Zevad Mustafa, with invoice attached (SPEC0058-60) | FRE 401, 402, 403, 701, 802, 901, 1002 |
| 23 | Declaration of Wail Marzoq (Feb. 11, 2010) | FRE 401, 402, 403, 701, 802, 901, 1002 |
| 24 | Correspondence from Anita Smith, with invoices attached (SPEC0061-63, SPEC0065-66) | FRE 401, 402, 403, 701, 802, 901, 1002 |
| 25 | Court order granting motion for sanctions against Libigrow (Dkt. No. 80, Dec. 14, 2010) | FRE 401, 402, 403, 701, 802, 901, 1002 |
| 28 | E-mail from Christopher Brainard to Gary Gorham (Dec. 8, 2010) | FRE 401, 402, 403, 802 |
| 29 | *E-mail from Christopher Brainard to Eric Ashton Puritsky (Jan 6, 2011) | FRE 401, 402, 403, 802 |

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

CV10-00329 PSG (JCx)

43342_2.doc

| Ex. No. | Description | Objection |
|---|---|---|
| 30 | E-mail from Christopher Brainard to Gary Gorham re: Spectrum Laboratories, LLC v. Global Import, Inc., et al (Jan. 26, 2011) | FRE 401, 402, 403, 802 |
| 32 | *Notice of deposition of 30(b)(6) deposition of US Global Import, Inc. (Nov. 18, 2010) | FRE 401, 402, 403 |
| 33 | *Notice of deposition of Nader Faraji (Nov. 18, 2010) | FRE 401, 402, 403 |
| 34 | *Notice of deposition of Libigrow, Inc. d/b/a Xhale Distributors (Sep. 3, 2010) | FRE 401, 402, 403 |
| 35 | *Amended Notice of deposition of Libigrow, Inc. d/b/a Xhale Distributors (Sep. 22, 2010) | FRE 401, 402, 403 |
| 36 | *Amended Notice of deposition of Libigrow, Inc. d/b/a Xhale Distributors (Sep 24, 2010, 2010) | FRE 401, 402, 403 |
| 37 | 364 Promotional Card | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Failure to disclose evidence (FRCP 26, 37 - Libigrow did not disclose this evidence until February 25, 2011, and did produce the exhibit until March 7, 2011). |
| 38 | Seller's Permit 364 Printing | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Failure to disclose evidence (FRCP 26, 37 - Libigrow did not disclose or produce this evidence until February 25, 2011). |
| 39 | Sublease 364 Printing | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Failure to disclose evidence (FRCP 26, 37 - Libigrow did not disclose or produce this evidence until February 25, 2011). |
| 40 | Libigrow Product with Packaging | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Failure to disclose evidence (FRCP 26, 37 - Libigrow |

**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**

CV10-00329 PSG (JCx)

41342_2.doc

| Ex. No. | Description | Objection |
|---|---|---|
| | | did not disclose this evidence until February 25, 2011, and did produce the exhibit until March 7, 2011). |
| 41 | Libigrow Promotional Postcard | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Failure to disclose evidence (FRCP 26, 37 - Libigrow did not disclose this evidence until February 25, 2011, and did produce the exhibit until March 7, 2011). |
| 42 | Libigrow Promotional Flyer | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Failure to disclose evidence (FRCP 26, 37 - Libigrow did not disclose this evidence until February 25, 2011, and did produce the exhibit until March 7, 2011). |
| 43 | Libigrow Promotional Poster | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Failure to disclose evidence (FRCP 26, 37 - Libigrow did not disclose this evidence until February 25, 2011, and did produce the exhibit until March 7, 2011). |
| 44 | Libigirl Product with Packaging | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Failure to disclose evidence (FRCP 26, 37 - Libigrow did not disclose this evidence until February 25, 2011, and did produce the exhibit until March 7, 2011). |
| 45 | Libigirl Promotional Postcard | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Failure to disclose evidence (FRCP 26, 37 - Libigrow did not disclose this evidence until February 25, 2011, and did produce the exhibit until March 7, 2011). |
| 46 | Libigirl Promotional Flyer | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Failure to disclose evidence (FRCP 26, 37 - Libigrow did not disclose this evidence until February 25, 2011, and still has not produced it to Spectrum's counsel). |

43342_2.doc

| Ex. No. | Description | Objection |
|---|---|---|
| 47 | Libigirl Promotional Poster | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Failure to disclose evidence (FRCP 26, 37 - Libigrow did not disclose this evidence until February 25, 2011, and still has not produced it to Spectrum's counsel). |
| 48 | Libigrow/Libigirl Promo 8X4 | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Failure to disclose evidence (FRCP 26, 37 - Libigrow did not disclose this evidence until February 25, 2011, and did produce the exhibit until March 7, 2011). |
| 49 | Press Sheet for U-Pass Packaging by 364 Printing | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Failure to disclose evidence (FRCP 26, 37 - Libigrow did not disclose this evidence until February 25, 2011, and still has not produced it to Spectrum's counsel). |
| 50-1 | U-Pass Product - Packaging | Failure to disclose evidence (FRCP 26, 37 - Libigrow did not disclose this evidence until February 25, 2011, and did produce the exhibit until March 7, 2011). |
| 50-2 | U-Pass Product - Urine | Failure to disclose evidence (FRCP 26, 37 - Libigrow did not disclose this evidence until February 25, 2011, and did produce the exhibit until March 7, 2011). |
| 50-3 | U-Pass Product - Bottle | Failure to disclose evidence (FRCP 26, 37 - Libigrow did not disclose this evidence until February 25, 2011, and did produce the exhibit until March 7, 2011). |
| 50-4 | U-Pass Product - Handwarmers | Failure to disclose evidence (FRCP 26, 37 - Libigrow did not disclose this evidence until February 25, 2011, and did produce the exhibit until March 7, 2011). |
| 50-5 | U-Pass Product - Rubberband | Failure to disclose evidence (FRCP |

43442_2.doc

**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**

CV10-00329 PSG (JCx)

| Ex. No. | Description | Objection |
|---|---|---|
| | | 26, 37 - Libigrow did not disclose this evidence until February 25, 2011, and did produce the exhibit until March 7, 2011). |
| 50-6 | U-Pass Product - Thermostrip | Failure to disclose evidence (FRCP 26, 37 - Libigrow did not disclose this evidence until February 25, 2011, and did produce the exhibit until March 7, 2011). |
| 50-7 | U-Pass Product – Directions/Pamphlet | Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose this evidence until February 25, 2011, and did produce the exhibit until March 7, 2011). |
| 51 | U-Pass Promotional Postcard | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose this evidence until February 25, 2011, and did produce the exhibit until March 7, 2011). |
| 52 | U-Pass Promotional Flyer | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose or produce this evidence until February 25, 2011). |
| 53 | U-Pass Promotional Poster | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose this evidence until February 25, 2011, and did not produce the exhibit until March 7, 2011). |
| 54 | E-Flush/Emergency | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose this evidence until February 25, 2011, and did not produce the exhibit until March 7, 2011). |

43442_2.doc

| Ex. No. | Description | Objection |
|---------|-------------|-----------|
| 55 | Mojo Nights Product With Packaging | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose this evidence until February 25, 2011, and did not produce the exhibit until March 7, 2011). |
| 56 | Mojo Nights Promotional Postcard | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose this evidence until February 25, 2011, and did not produce the exhibit until March 7, 2011). |
| 57 | Mojo Nights Promotional Flyer | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose this evidence until February 25, 2011, and did not produce the exhibit until March 7, 2011). |
| 58 | Mojo Nights Promotional Poster | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose this evidence until February 25, 2011, and did not produce the exhibit until March 7, 2011). |
| 59 | Libigrow Expert Report | Hearsay; Failure to timely disclose expert report (FRCP 26, 37 – Libigrow did not disclose or produce the report until February 25, 2011). |
| 60 | Resume Manny Gonzales (Libigrow's Expert) | Hearsay; Failure to timely disclose expert report (FRCP 26, 37 – Libigrow did not disclose or produce the resume until February 25, 2011). |
| 61 | Conclusions and Examinations Prepared by Libigrow's Expert | Hearsay; Failure to timely disclose expert report (FRCP 26, 37 – Libigrow did not disclose or produce |

| Ex. No. | Description | Objection |
|---|---|---|
|  |  | the exhibit until March 10, 2011). |
| 62 | Screenshots of Website www.ASTM.org | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Foundation; Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose this evidence until February 25, 2011, and did not produce the exhibit until March 7, 2011). |
| 63 | Declaration of Manny Gonzales Dated of 2/18/11 | Hearsay; Failure to timely disclose expert report (FRCP 26, 37 – Libigrow did not disclose or produce the exhibit until February 25, 2011). |
| 64 | Deposition Excerpts Libigrow Deposition, Volume II, pages 118-119 | Hearsay (FRE § 802); Improper use of deposition testimony (FRCP 32). |
| 66 | Requests for Production by Libigrow upon Spectrum, Set 1 | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Foundation. |
| 67 | Spectrum's Responses to Requests for Production, Set 1 | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Foundation; Objections may not be used as an exhibit. |
| 68 | Spectrum's Responses to Requests for Admissions, Set 1 | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Foundation; Objections may not be used as an exhibit. |
| 69 | Spectrum's Responses to Interrogatories, Set 1 | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Foundation; Objections may not be used as an exhibit. |
| 70 | Librigrow, Inc.'s Objections to Spectrum's Expert Designation and Report | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Foundation; Objections may not be used as an exhibit. |
| 71-1 | Screenshots of Spectrum's Website www.urineluck.com | Hearsay (FRE § 802); Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose or produce this evidence until February 25, 2011, and Libigrow subsequently changed the exhibit and broke it into sub-parts in its March 5, 2011 Pretrial Disclosures). |
| 71-2 | Screenshots of Spectrum's | Hearsay (FRE § 802); Failure to |

| Ex. No. | Description | Objection |
|---|---|---|
| | Website www.urineluck.com/productcart/ pc/viewCategories.asp?idCatego ry=4 | disclose evidence (FRCP 26, 37 – Libigrow did not disclose or produce this evidence until February 25, 2011, and Libigrow subsequently changed the exhibit and broke it into sub-parts in its March 5, 2011 Pretrial Disclosures). |
| 71-3 | Screenshots of Spectrum's Website www.urineluck.com/productcart/ pc/viewPrd.asp?idCategory=4&i dproduct=46 | Hearsay (FRE § 802); Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose or produce this evidence until February 25, 2011, and Libigrow subsequently changed the exhibit and broke it into sub-parts in its March 5, 2011 Pretrial Disclosures). |
| 71-4 | Screenshots of Spectrum's Website www.urineluck.com/productcart/ pc/viewPrd.asp?idCategory=4&i dproduct=270 | Hearsay (FRE § 802); Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose or produce this evidence until February 25, 2011, and Libigrow subsequently changed the exhibit and broke it into sub-parts in its March 5, 2011 Pretrial Disclosures). |
| 71-5 | Screenshots of Spectrum's Website www.urineluck.com/productcart/ pc/viewPrd.asp?idCategory=4&i dproduct=16#details | Hearsay (FRE § 802); Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose or produce this evidence until February 25, 2011, and Libigrow subsequently changed the exhibit and broke it into sub-parts in its March 5, 2011 Pretrial Disclosures). |
| 71-6 | Screenshots of Spectrum's Website http://www.urineluck.com/produ ctcart/pc/viewPrd.asp?idcategory =4&idproduct=10 | Hearsay (FRE § 802); Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose or produce this evidence until February 25, 2011, and Libigrow subsequently changed the exhibit and broke it into sub-parts in its March 5, 2011 Pretrial Disclosures). |

43342_2.doc

| Ex. No. | Description | Objection |
|---|---|---|
| 71-7 | Screenshots of Spectrum's Website http://www.urineluck.com/productcart/pc/viewPrd.asp?idcategory=4&idproduct=268 | Hearsay (FRE § 802); Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose or produce this evidence until February 25, 2011, and Libigrow subsequently changed the exhibit and broke it into sub-parts in its March 5, 2011 Pretrial Disclosures). |
| 71-8 | Screenshots of Spectrum's Website http://www.urineluck.com/productcart/pc/viewCategories.asp?idcategory=2 | Hearsay (FRE § 802); Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose or produce this evidence until February 25, 2011, and Libigrow subsequently changed the exhibit and broke it into sub-parts in its March 5, 2011 Pretrial Disclosures). |
| 71-9 | Screenshots of Spectrum's Website http://www.urineluck.com/productcart/pc/viewPrd.asp?idcategory=2&idproduct=2 | Hearsay (FRE § 802); Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose or produce this evidence until February 25, 2011, and Libigrow subsequently changed the exhibit and broke it into sub-parts in its March 5, 2011 Pretrial Disclosures). |
| 71-10 | Screenshots of Spectrum's Website http://www.urineluck.com/productcart/pc/viewPrd.asp?idcategory=2&idproduct=4 | Hearsay (FRE § 802); Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose or produce this evidence until February 25, 2011, and Libigrow subsequently changed the exhibit and broke it into sub-parts in its March 5, 2011 Pretrial Disclosures). |
| 71-11 | Screenshots of Spectrum's Website http://www.urineluck.com/productcart/pc/viewPrd.asp?idcategory=2&idproduct=3 | Hearsay (FRE § 802); Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose or produce this evidence until February 25, 2011, and Libigrow subsequently changed the exhibit and broke it into sub-parts in its March 5, 2011 Pretrial |

43342_2.doc

| Ex. No. | Description | Objection |
|---|---|---|
| | | Disclosures). |
| 71-12 | Screenshots of Spectrum's Website http://www.urineluck.com/productcart/pc/viewPrd.asp?idcategory=14 | Hearsay (FRE § 802); Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose or produce this evidence until February 25, 2011, and Libigrow subsequently changed the exhibit and broke it into sub-parts in its March 5, 2011 Pretrial Disclosures). |
| 71-13 | Screenshots of Spectrum's Website http://www.urineluck.com/productcart/pc/viewPrd.asp?idcategory=3&idproduct=7 | Hearsay (FRE § 802); Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose or produce this evidence until February 25, 2011, and Libigrow subsequently changed the exhibit and broke it into sub-parts in its March 5, 2011 Pretrial Disclosures). |
| 71-14 | Screenshots of Spectrum's Website http://www.urineluck.com/productcart/pc/viewPrd.asp?idcategory=3&idproduct=75 | Hearsay (FRE § 802); Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose or produce this evidence until February 25, 2011, and Libigrow subsequently changed the exhibit and broke it into sub-parts in its March 5, 2011 Pretrial Disclosures). |
| 71-15 | Screenshots of Spectrum's Website http://www.urineluck.com/prod Screenshots of Spectrum's Website uctcart/pc/viewPrd.asp?idcategory=8&idproduct=15 | Hearsay (FRE § 802); Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose or produce this evidence until February 25, 2011, and Libigrow subsequently changed the exhibit and broke it into sub-parts in its March 5, 2011 Pretrial Disclosures). |
| 72-1 | Screenshots of Website www.syntheticurinequickfix.com | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Foundation; Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose or produce this evidence until February 25, 2011, and Libigrow subsequently changed |

43342_2.doc

| Ex. No. | Description | Objection |
|---|---|---|
| | | the exhibit and broke it into sub-parts in its March 5, 2011 Pretrial Disclosures). |
| 72-2 | Screenshots of Website http://www.syntheticurinequickfix.com/about.html | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Foundation; Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose or produce this evidence until February 25, 2011, and Libigrow subsequently changed the exhibit and broke it into sub-parts in its March 5, 2011 Pretrial Disclosures). |
| 72-3 | Screenshots of Website http://www.syntheticurinequickfix.com/contact.html | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Foundation; Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose or produce this evidence until February 25, 2011, and Libigrow subsequently changed the exhibit and broke it into sub-parts in its March 5, 2011 Pretrial Disclosures). |
| 73 | Screenshots of Website **Error! Hyperlink reference not valid.**http://a-z-nutrition.com/p/2363/quickfixspectrum.html | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Foundation; Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose or produce this evidence until February 25, 2011, and Libigrow subsequently changed the exhibit and broke it into sub-parts in its March 5, 2011 Pretrial Disclosures). |
| 74-1 | Screenshots of Website **Error! Hyperlink reference not valid.** http://www.nofeardetox.net/Welcome.html | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Foundation; Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose or produce this evidence until February 25, 2011, and Libigrow subsequently changed the exhibit and broke it into sub-parts in its March 5, 2011 Pretrial Disclosures). |

43342_2.doc

**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**
CV10-00329 PSG (JCx)

| Ex. No. | Description | Objection |
|---------|-------------|-----------|
| 74-2 | Screenshots of Website http://www.nofeardetox.net/Products.html | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Foundation; Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose or produce this evidence until February 25, 2011, and Libigrow subsequently changed the exhibit and broke it into sub-parts in its March 5, 2011 Pretrial Disclosures). |
| 74-3 | Screenshots of Website http://www.nofeardetox.net/Disclaimers.html | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Foundation; Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose or produce this evidence until February 25, 2011, and Libigrow subsequently changed the exhibit and broke it into sub-parts in its March 5, 2011 Pretrial Disclosures). |
| 74-4 | Screenshots of Website http://www.nofeardetox.net/Resources.html | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Foundation; Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose or produce this evidence until February 25, 2011, and Libigrow subsequently changed the exhibit and broke it into sub-parts in its March 5, 2011 Pretrial Disclosures). |
| 74-5 | Screenshots of Website http://www.pass-drug-test-how-to.com/wiki/index.php/Main_Page | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Foundation; Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose or produce this evidence until February 25, 2011, and Libigrow subsequently changed the exhibit and broke it into sub-parts in its March 5, 2011 Pretrial Disclosures). |
| 75-1 | Screenshots of Website www.detoxland.com | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Foundation; Failure to disclose evidence (FRCP 26, 37 – |

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
CV10-00329 PSG (JCx)

43342_2.doc

| Ex. No. | Description | Objection |
|---|---|---|
| | | Libigrow did not disclose or produce this evidence until February 25, 2011, and Libigrow subsequently changed the exhibit and broke it into sub-parts in its March 5, 2011 Pretrial Disclosures). |
| 75-2 | Screenshots of Website http://detoxland.com/products/quick-fix-synthetic-urine-p1939.html | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Foundation; Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose or produce this evidence until February 25, 2011, and Libigrow subsequently changed the exhibit and broke it into sub-parts in its March 5, 2011 Pretrial Disclosures). |
| 76-1 | Screenshots of Website www.quickfixurine.com | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Foundation; Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose or produce this evidence until February 25, 2011, and Libigrow subsequently changed the exhibit and broke it into sub-parts in its March 5, 2011 Pretrial Disclosures). |
| 77-1 | Screenshots of Website www.alibaba.com and Gazalytrading | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Foundation; Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose or produce this evidence until February 25, 2011, and Libigrow subsequently changed the exhibit and broke it into sub-parts in its March 5, 2011 Pretrial Disclosures). |
| 77-2 | Screenshots of Website http://www.alibaba.com/member/ca105517211/contactinfo.html | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Foundation; Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose or produce this evidence until February 25, 2011, and Libigrow subsequently changed |

43342_2.doc

| Ex. No. | Description | Objection |
|---|---|---|
| | | the exhibit and broke it into sub-parts in its March 5, 2011 Pretrial Disclosures). |
| 77-3 | Screenshots of Website http://www.alibaba.com/member/ca105517211.html | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Foundation; Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose or produce this evidence until February 25, 2011, and Libigrow subsequently changed the exhibit and broke it into sub-parts in its March 5, 2011 Pretrial Disclosures). |
| 77-4 | Screenshots of Website http://www.alibaba.com/product/ca105517211-107534980-0/QUICK_FIX_SYNTHETIC_URINE.html | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Foundation; Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose or produce this evidence until February 25, 2011, and Libigrow subsequently changed the exhibit and broke it into sub-parts in its March 5, 2011 Pretrial Disclosures). |
| 77-5 | Screenshots of Website http://www.alibaba.com/product-free/107535034/U_PASS-SYNTHETIC-URINE.html | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Foundation; Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose or produce this evidence until February 25, 2011, and Libigrow subsequently changed the exhibit and broke it into sub-parts in its March 5, 2011 Pretrial Disclosures). |
| 78-1 | Screenshots of Website www.pizbismokeshop.com | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Foundation; Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose this evidence until February 25, 2011, and did not produce the exhibit until March 7, 2011 when it changed the description and identified it in subparts through its March 5, 2011 |

**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**

CV10-00329 PSG (JCx)

43342_2.doc

| Ex. No. | Description | Objection |
|---|---|---|
| | | Pretrial Disclosures). |
| 80 | Patent Stephens | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose this evidence until February 25, 2011, and did not produce the exhibit until March 9, 2011). |
| 81 | Patent Haddad | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Failure to disclose evidence (FRCP 26, 37 – Libigrow did not disclose this evidence until February 25, 2011, and did not produce the exhibit until March 9, 2011). |
| 82 | Docket # 51-Court Order Denying Preliminary Injunction | Relevance (FRE §§ 401, 402). |
| 83 | Requests for Admissions by Libigrow upon Spectrum, Set 1 | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Foundation. |
| 84 | Interrogatories from Libigrow upon Spectrum, Set 1 | Relevance (FRE §§ 401, 402); Foundation; Hearsay (FRE § 802). |
| 85-1 | 40 CFR 40 et. seq. | Relevance (FRE §§ 401-403). |
| 85-2 | Subpart E | Relevance (FRE §§ 401-403). |
| 85-3 | Section 40.65 | Relevance (FRE §§ 401-403). |
| 86 | April 7, 2011, Libigrow's Expert Report and Analysis of "U-Pass" Packaging Tested By Spectrum -- Exhibit 12 with Letter Designated Exhibits A-M | Hearsay (§ 802); Failure to disclose evidence (FRCP 26, 37 - Libigrow did not disclose or produce this evidence until April 7, 2011). |
| 87 | December 23, 2010, Deposition Transcript of Nadar Faraji | Hearsay (FRE § 802); Improper use of deposition testimony (FRCP 32). |
| 88 | Screenshots of Website www.364prints.com | Relevance (FRE § 401, 402); Hearsay (FRE § 802); Foundation; Failure to disclose evidence (FRCP 26, 34, 37 – Spectrum did not disclose or produce this evidence until April 11, 2011 and has not been sub-identified as to those |

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

CV10-00329 PSG (JCx)

43442_2.doc

| Ex. No. | Description | Objection |
|---------|-------------|-----------|
|         |             | portions of the website it believes are relevant). |

## XI.   <u>WITNESS LISTS.</u>

The First Amended Joint Witness List has been filed with the Court.  Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment.

Spectrum objects to the presentation of testimony of Cruz Rubio, Daniel Mejia and Derek Lee on the grounds specified in Spectrum's Motion *in Limine* No. 5.

Libigrow objects to the presentation testimony or evidence by Fran Kusala, Linda Warren, Wail Marzoq, Musharaf Spallm Zeyad Mustafa, and Karen Spaulding on the grounds specified in Libigrow's Motion *In Limine* No. 2.

Libigrow objects to the presentation of evidence or testimony by David Treptow (identified April 11, 2011) on the grounds specified in its Motion *In Limine* No. 4 (Filed as an Ex Parte on April 18, 2011).

## XII.   <u>LAW AND MOTION MATTERS AND MOTIONS *IN LIMINE*.</u>

The following law and motion matters and motions *in limine*, and no others, are pending or contemplated:

- Spectrum's Motion *in Limine* No. 1 of 6 to Preclude Libigrow From Offering Expert Testimony at Trial;
- Spectrum's Motion *in Limine* No. 2 of 6 to Preclude Libigrow, Its Witnesses, and Its Attorney from Arguing, Referencing, or Eliciting Testimony About Supposed Counterfeiting of "U Pass" Products;

41342_2.doc

(2692489:)34

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

CV10-00329 PSG (JCx)

1    • Spectrum's Motion *in Limine* No. 3 of 6 for an Order to Preclude
2    Evidence Relating to Defendant Libigrow, Inc.'s Affirmative Defense Nos. 2, 3, 6,
3    11, 12, 18, 22 and 24;

4    • Spectrum's Motion *in Limine* No. 4 of 6 for an Order  to Exclude
5    Evidence of, or Reference to, Supposed Immoral, Unethical or Illegal Uses of
6    Spectrum's Legal Product;

7    • Spectrum's Motion *in Limine* No. 5 of 6 for an Order Precluding
8    Libigrow from Offering Testimony from Cruz Rubio, Daniel Mejia or Derek Lee;

9    • Spectrum's Motion *in Limine* No. 6 of 6 for an Order Precluding
10   Libigrow from Offering Undisclosed Documents;

11   **LIBIGROW'S MOTIONS IN LIMINE**

12

13   1)    Libigrow's Motion in Limine No. 1 to exclude the "U-Pass" packaging
14         tested by Spectrum's Expert (Dkt. # 101);

15   2)    Libigrow's Motion in Limine No. 2 to preclude testimony by Fran
16         Kusala, Linda Warren, Wail Marzoq, Musharaf Spallm Zeyad
17         Mustafa, and Karen Spaulding (Dkt. # 175);

18   3)    Libigrow's Motion in Limine No. 3 to include its expert report from
19         inspection of "U-Pass" packaging tested by Spectrum's expert
20         pursuant to directive of the Court and at the agreement of
21         counsel subsequent to Ex Parte Motion to Compel production of
22         "U-Pass" packaging (Dkt. # 200);

23   4)    Libigrow's Motion in Limine No. 4 to excluding the undisclosed
24         witness David Treptow and undisclosed/unproduced evidence of
25         the internals of the "U-Pass" packaging tested by Spectrum and
26         not otherwise identified until April 11, 2011 and never produced
27         (Dkt. # 221)

28

43342_2.doc

## XIII. <u>BIFURCATION.</u>

No bifurcation is ordered.  Bifurcation is requested by Libigrow on the issue of damages so that validity and liability can be determined prior and so as to avoid prejudice via unnecessary or cumulative testimony or evidence on damages.

## XIV. <u>FINAL PRETRIAL CONFERENCE ORDER.</u>

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

Dated: _____, 2011      _____

PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

DATED:   April 25, 2011            **LEADER GORHAM LLP**

_____
                                          /S/
Gary J. Gorham
Attorneys for Plaintiff Spectrum
Laboratories, LLC

DATED:  April 25, 2011            **C.M. Brainard**

_____
                                          /S/
Christopher Brainard
Attorneys for Defendant Libigrow, Inc.

43342_2.doc