Gary J. Gorham (SBN: 171061)
ggorham@lglaw.la
Eric Ashton Puritsky (SBN 239577)
epuritsky@lglaw.la
Andrew W. Twietmeyer (SBN 254436)
atwietmeyer@lglaw.la
**LEADER GORHAM LLP**
1990 South Bundy Drive, Suite 390
Los Angeles, CA 90025
Telephone: (310) 696-3300
Telecopy: (310) 696-3305

Attorneys for Plaintiff
SPECTRUM LABORATORIES, LLC

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPECTRUM LABORATORIES, LLC, an Ohio limited liability company,<br><br>            Plaintiff,<br><br>    vs.<br><br>US GLOBAL IMPORT, INC., a California corporation; LIBIGROW, INC. d/b/a Xhale Distributors, a California corporation; GENERAL SUPPLY WHOLESALER, INC., a California corporation; and Does 1-10,<br><br>            Defendants. | Case No. CV10-00329 PSG (JCx)<br><br>**PLAINTIFF SPECTRUM LABORATORIES, LLC'S TRIAL BRIEF**<br><br>Judge:           Philip S. Gutierrez<br>Dept.:            880 (Roybal)<br>Final Pretrial: May 2, 2011<br>Trial Date:    May 17, 2011<br><br>Complaint Filed:    January 15, 2010<br>Discovery Cut-off: December 28, 2010 |

1

## INTRODUCTION

Spectrum Laboratories, LLC submits this Trial Brief pursuant to Local Rule 16.10 to respond to Libigrow's frivolous and improper defenses. Defendant Libigrow has withdrawn its improper jury instructions relating to the Sherman Act, however, Libigrow persists with a number of other improper defenses that it identified in its Memorandum of Contentions of Fact and Law filed on February 28, 2011 ("Memo of F&L") (Dkt. No. 107), and its Second Amended Disputed Jury Instructions filed on May 9, 2011 (Dkt. No. 237.)

### I. Spoliation Is Not an Issue in This Case.

Libigrow claims that Spectrum has prevented testing of the U-Pass packaging. (See Memo of F&L at #1017; see also Second Amended Disputed Jury Instructions, Dkt. No. 237 at #3609 (contending that "the alleged 'U-Pass packaging tested by Spectrum's expert has never been produced" and seeking a jury instruction regarding spoliation). That is not true. After the March 21, 2011 Final Pretrial Conference, Spectrum permitted Libigrow to conduct tests on Spectrum's sample U-Pass package in the presence of a representative of Spectrum at Libigrow's Expert's facility on April 1, 2011. The results of those tests confirmed what Spectrum has said from the start—Spectrum's sample U-Pass package is not a counterfeit, and is in fact no different from U-Pass packages in Libigrow's custody.

Even if there were a factual basis for Libigrow's persistent claim that Spectrum has refused to disclose the U-Pass packaging, Libigrow's jury instruction on spoliation is improper. Whether Spectrum has failed to produce evidence is not for the jury to determine instead, if the Court determines that Spectrum has failed to produce evidence, it may inform the Jury of that failure and instruct them that they may draw an adverse inference against Spectrum as to that evidence. "'A federal trial court has the inherent discretionary power to make appropriate

evidentiary rulings in response to the destruction or spoliation of relevant evidence.' This power includes the power to sanction the responsible party by instructing the jury that it may infer that the spoiled or destroyed evidence would have been unfavorable to the responsible party." <u>Med. Lab. Mgmt. Consultants v. American Broadcasting Cos., Inc.</u>, 306 F3d 806, 824 (9th Cir. 2002.) <u>quoting</u> <u>Glover v. BIC Corp.</u>, 6 F.3d 1318, 1329 (9th Cir.1993); <u>accord Akiona v. United States</u>, 938 F.2d 158, 161 (9th Cir.1991).

Because Spectrum has produced its U-Pass packaging to Libigrow for testing, there is no basis for an adverse instruction in this case.

**II. Libigrow's Defenses Based on the Purported Immorality and Deceptive Nature of the Urine Luck Trademark Are Improper.**

Libigrow argues that Spectrum's URN Luck Trademark is invalid under 15 U.S.C. section 1052 ("Lanham Act Section 2") because the trademark is purportedly immoral, deceptive, and deceptively misdescriptive. (<u>See</u> Memo of F&L, Dkt. No. 107 at #1020-1028.) Libigrow's invocation of Lanham Act Section 2 is misplaced. That section provides that the Patent and Trademark Office may not refuse registration of an applicant's Trademark except for specifically enumerated reasons—including that the Trademark is immoral, deceptive, or deceptively misdescriptive. <u>See</u> 15 U.S.C. § 1052(a) and (e).

In this case, the Patent and Trademark Office determined that Spectrum's Trademark is not immoral, deceptive, or deceptively misdescriptive when it registered Spectrum's trademark in November 2007. Libigrow has already agreed to stipulate to that registration and to Spectrum's ownership of the Trademark. (<u>See</u> [Proposed] Final Pretrial Conference Order, Dkt. No. 228-1 at #3536.) That is the proper end of the inquiry with respect to the morality of Spectrum's trademark.

Lanham Act Section 2 is not an affirmative defense that may be raised in a trademark infringement case. Libigrow itself notes in its Memorandum of Contentions of Facts and Law that "[n]ormally, a challenge to validity of trademark via the Lanham Act is conducted via a petition for cancellation of the trademark with the Trademark Trial and Appeal Board." (Dkt. 107 at #1021.) Libigrow, then blithely asserts without citation to any authority that "due to the prohibition of multiplicity of suits prescribed by the Federal Rules and the fact that TTAB would stay resolution pending this litigation, Libigrow appropriately raises its challenges to the validity of the registrations under the Lanham Act here. (Id.)

Libigrow is wrong. Challenge to the registration of Spectrum's trademark is only properly brought before TTAB. See 15 U.S.C. §§ 1064, 1067. And then only by a party who asserts they are damaged by the registration of the trademark. See id. Setting aside the fact that Libigrow can show no damage arising from the registration of the Urine Luck trademark, this Court is not the forum for a challenge under Lanham Act Section 2. See id.; see also Hako-Med USA, Inc. v. Axiom Worldwide, Inc., No. 8:06CV1790 T27EAJ, 2006 WL 3760416, at *2 n.4 (M.D. Fla. Dec. 19, 2006) ("Defendant has cited no authority, nor has the Court located any, in which deceptive misdescription has been used as a defense in a trademark infringement action. It is more commonly used in opposition to a petition for trademark registration. As the Magistrate Judge suggested during the hearing, it is unusual that a party would infringe on a mark that it believes is deceptively misdescriptive.").

### III. Spectrum's Trademark Is Not Unenforceable for Inconsistency.

Libigrow misapplies the law in a confusing argument that Spectrum's mark is unenforceable for its purported inconsistency. (See Memorandum of F&L, Dkt. No. 107 at #1035.) Libigrow manufactures that argument by misapplying two cases that observe in dicta that "if a franchisor properly ends a franchise

agreement, 'the franchisee cannot be allowed to keep on using the trademark." See Manpower Inc. v. Mason, 405 F. Supp. 2d 959, 974 (E.D. Wis. 2005) quoting Gorenstein Enterprises Inc. v. Quality Care USA, Inc., 874 F.2d 431, 435 (7th Cir. 1989).

In Gorenstein the court stated as follows:

> Once a franchise has been terminated, the franchisee cannot be allowed to keep on using the trademark. The owner of a trademark has a duty to ensure the consistency of the trademarked good or service. If he does not fulfill this duty, he forfeits the trademark. The purpose of a trademark, after all, is to identify a good or service to the consumer, and identity implies consistency and a correlative duty to make sure that the good or service really is of consistent quality, i.e., really is the same good or service. If the owner of the trademark has broken off business relations with a licensee he cannot ensure the continued quality of the (ex-)licensee's operation, whose continued use of the trademark is therefore a violation of trademark law.

Gorenstein, 874 F.2d at 435.

Libigrow seizes on the word "consistency" to manufacture a confusing argument that Spectrum's marketing of the QuickFix product is inconsistent with the product's use. No law supports that argument. Instead, as the above-quoted portion of Gorenstein shows, 'consistent use' equates with "supervision of trademark licensees at the expense of abandonment of the trademark." Oberlin v. Marlin American Corp., 596 F.2d 1322, 1327 (7th Cir.1979).

In this case, Spectrum did not license the use of the Urine Luck Trademark to Libigrow and Libigrow does not assert that Spectrum has abandoned the mark. Thus, neither Gorenstein nor Manpower are remotely relevant to this case. Libigrow's misguided inconsistency defense has no merit.

DATED: May 10, 2011             LEADER GORHAM LLP

                                /S/
                                _____
                                Gary J. Gorham
                                Attorneys for Plaintiff Spectrum
                                Laboratories, LLC